Caldwell *vs.* Ferrill.

No. 19.—JOHN H. CALDWELL, plaintiff in error, *vs.* LAWRENCE T. FERRILL, defendant.

[1.] All promises or acknowledgements made since the Act of 20th February, 1854, and relied on to remove the bar of the Statute of Limitations, must be in writing.

Assumpsit, in Randolph Superior Court. Decided by Judge KIDDOO, May Term, 1856.

This was an action of assumpsit, brought by Lawrence T. Ferrill against John H. Caldwell, on a note bearing date the 18th day of June, 1841. Defendant plead the Statute of Limitations. On the trial, plaintiff introduced one Jesse B. Webb, who testified that he heard a conversation between plaintiff and defendant about the 1st of December, 1854, and defendant then *verbally* acknowledged that he owed the note

Caldwell *vs.* Ferrill.

and agreed to pay it; and that the understanding between the parties was, that plaintiff was to send the note to the witness (Webb) and defendant was to pay it to him. He further testified that several months thereafter, the note was sent to him and he presented it to defendant, who then said he would pay the principal, but would not pay the interest. Plaintiff then offered the note in evidence, to which defendant's Counsel objected, on the ground, that in order to remove the bar of the statute, it was necessary for plaintiff to prove that the acknowledgement or promise of defendant, about which the witness had testified, was in writing. The Court over-ruled the objection and permitted the note to go in evidence. To which Counsel for defendant excepted.

The testimony being closed, defendant's Counsel requested the Court to charge the Jury, that they could not find damages for a frivolous appeal on a note barred by the statute, on its face, and where plaintiff had to resort to *aliunde* testimony to support the after promise—which charge the Court refused to give and defendant's Counsel excepted. The Jury found a verdict for plaintiff with ten per cent. damages. Defendant's Counsel now assigns the rulings of the Court above recited as error.

HOOD & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The note was barred by the Statute of Limitations, at the time the promise was made, which is relied on to prevent the operation of the statutory bar. The promise was made about the 1st of December, 1854. The Act of 1854, Feb. 20th, requires such promises to be in writing. That Statute applies to such promises or acknowledgements only as are made subsequent to its enactment.

By some accident, this Act was not published with the

Acts of the session to which it belongs, and is to be found in the *Pamphlet of the Laws of the Sessions* 1855 *and* 1856. The judgment of the Court below is reversed, on the ground that the Court erred in deciding that the promise, which was verbal, was sufficient to take the case out of the Statute of Limitations. It is unnecessary to decide the other point made in the bill of exceptions.