FEBRUARY TERM, 1880. 769

Buice vs. The Lowman Gold and Silver Mining Co.

---

BUICE *vs.* THE LOWMAN GOLD AND SILVER MINING COMPANY.

1. Is a motion for new trial the proper mode of correcting error in the dismissal of the levy in a claim case? *Quaere.*
2. If a judgment is in excess of the amount declared for, it is an irregularity, but is not a ground to dismiss the levy thereunder.
3. If a defendant in attachment replevies property levied on, or if he acknowledges service of the notice of the pendency of the attachment suit provided by law, a general judgment may be rendered against him.
(a). An acknowledgment of service signed by one as attorney for defendant is *prima facie* warranted until the contrary appears.
4. Where service has been had so as to warrant a general judgment in an attachment suit, it need not follow the attachment.
(a). After such service and appearance thereunder, or after replevy, the action may proceed to a general judgment, although the attachment may fall by reason of irregularities.

Practice in the Superior Court. Judgment. Attachment. Service. Before Judge ERWIN. Hall Superior Court. September Term, 1879.

On August 21st, 1878, Buice sued out an attachment against the Lowman Silver Mining Company, a

foreign corporation, for $192.50, returnable to Hall superior court.

On the same day this attachment was levied on the tract of land now in dispute.

On August 22d, it was levied on certain personal property.

On August 23d, the defendant gave a replevy bond, with A. J. Comer as security, the bond being signed by the defendant, by J. J. Hayden, superintendent.

On September 12th a notice of the pendency of the attachment and proceedings thereon was acknowledged on behalf of the defendant by S. C. Dunlap, as defendant's attorney.

At the September term, 1878, of court plaintiff filed his declaration on said attachment. This declaration was for the sum of one hundred and ninety-two dollars and fifty cents. The bill of particulars appeared to be for two hundred dollars and fifty cents.

There was an amendment to the declaration increasing the amount claimed to $200.50 and changing the items in the bill, dated March 1st, 1879. On this amendment there was an acknowledgment of service dated March 1st, 1879, by S. C. Dunlap, defendant's attorney. When presented to the court the body of the amendment appeared canceled, but the acknowledgment of service of the amendment was intact and the bill of particulars was for $200.50. No order appeared either allowing the amendment or directing it to be stricken.

At the March term, 1879, the jury found a verdict in favor of the plaintiff for $200.50, and a general judgment for that sum was signed up against the defendant and security by order of the court. Upon this judgment the plaintiff's *fi. fa.* was issued April 2d, 1879, and levied on the tract of land in dispute.

The Lowman Gold and Silver Mining Company claimed it. On the trial, the court dismissed the levy. Plaintiff moved for a new trial, which was refused, and he excepted.

MARLER & PERRY, for plaintiff in error.

JASPER N. DORSEY ; SAMUEL C. DUNLAP, for defendant.

JACKSON, Justice.

The sheriff levied a *fi. fa.* in favor of the plaintiff in error against the Lowman Silver Mining Company, on a tract of land in Hall county as the property of defendant in *fi. fa.* The land was claimed by the Lowman Gold and Silver Mining Company, and when the issue was joined and the parties went to trial, the court dismissed the plaintiff's levy, and that is the error complained of, made in the shape of a motion for a new trial.

1. Whilst we cannot exactly see why a motion for a new trial was made, as there was no verdict rendered to be set aside, yet the point is made that the levy should not have been dismissed, and that is a question for review here.

2. Ought the levy to have been dismissed on the grounds appearing of record ?

Those grounds are, first, that the judgment is for eight dollars too much, more than declared for. Secondly, that it is a general judgment to which the party was not entitled, the judgment being based upon an attachment, and thirdly, because the affidavit in attachment is only for $192.50, the bond is double that sum, and in such cases at least the excess of the verdict and judgment over the sum attached for is fatal.

If the judgment be general, the excess is a mere irregularity. 8 *Ga.*, 114 ; 14 *Ib.*, 589 ; 33 *Ib.*, 161 ; 33 *Ib.*, 596 ; 46 *Ib.*, 454.

3. The defendant replevied at least the personalty levied by attachment and gave bond for condemnation money, and by attorney at law acknowledged service. These or either of these acts gave the attaching creditor the right to a general judgment. Code, §§3309, 3319, 3328. The attorney at law had the power to acknowledge service, at least

until the contrary appeared.  Code, §3337 ; 36 *Ga.*, 108 ; 39 *Ib.*, 394.

The judgment therefore is general and was legally made so.  If general, the claimant could not attack it collaterally for the irregularity of being eight dollars over the amount declared on.  20 *Ga.*, 94 ; 47 *Ib.*, 205 ; *Tharp vs. Tumlin, Pollard vs. King,* last term, not yet reported.  So that it was wrong to dismiss the levy because the judgment was too large—where the court below put the ruling.

4. Nor should it have been dismissed on either of the other grounds.  Claimant's counsel contended that the attachment feature should appear in the judgment, even if general, in order to have the *fi. fa.* follow it and to designate the property attached to be first levied, under sections 3328 and 3329 of the Code ; but we think not.  The attachment may fall, and yet the action proceed if notice has been given, or even property replevied, perhaps—Code, §3309 ; 44 *Ga.*, 454.  And those sections cited, 3328–9, authorize a general judgment without any addition thereto, or modification thereof, so that after notice and appearance, though affidavit and bond were so irregular that attachment fell, the suit by the declaration survived.

On the whole, it is clear that the judgment is not void, but valid, the *fi. fa.* followed it and should have carried the case to the jury for trial on the facts.  The judgment is reversed because the levy was dismissed.

Judgment reversed.