## BLAIN *et al. vs.* HITCH.

[This case was argued at the last term, and the decision reserved.]

1. Where a defendant in a criminal case, who had been convicted of a misdemeanor and sentenced to pay a specified fine or serve ninety days in the chain gang, procured two other parties to give their promissory note in satisfaction thereof; and such note was accepted by the solicitor general as the equivalent of cash, the consideration was not illegal, and in a suit thereon a plea to that effect was properly stricken.
2. Appeals from a justice court to the superior court should be tried by a jury, and a judgment by the court would have been illegal, had the case not been submitted to the judge by consent.
3. The amount for which judgment should have been rendered is a simple matter of calculation. If it should appear from the pleadings and proof to have been rendered for too much, the judge is authorized to require the excess to be written off therefrom.

March 13, 1883.

Contracts. Officers. Practice in Superior Court. Before Judge MERSHON. Glynn Superior Court. December Term, 1881.

Reported in the decision.

Blain *et al. vs.* Hitch.

SYMMES & ATKINSON, by J. H. LUMPKIN, for plaintiffs in error.

S. W. HITCH; IRA E. SMITH, for defendant.

CRAWFORD, Justice.

For a misdemeanor James Smith was sentenced in the superior court of Glynn county, to pay a fine of $50.00 and costs; or upon failure to pay, to serve ninety days in the chain gang. He paid the fine and costs with a promissory note made by the plaintiffs in error in this case. When they were sued upon the note, they set up, by way of defence against its payment, that it was given in satisfaction of the fine and costs against Smith, and, therefore, based upon an illegal consideration; that it was contrary to the policy of the law, and should not be enforced. The plea was demurred to, the demurrer sustained, and judgment rendered for the plaintiff for the debt and costs.

1. Error is assigned upon the striking the plea and the judgment rendered by the court. To show that the judge below erred in his ruling, and in the final judgment, we are cited to §§2749, 2750 of the Code. By the first of these sections it is declared that a contract to do an immoral or illegal thing is void: and by the second that a contract which is against the policy of the law cannot be enforced. We are also referred to other sections of the Code, providing that any attempt to satisfy a public offence, suppress a prosecution, or compound a felony is illegal, and vitiates an agreement made for that purpose. In looking at these citations, as well as the other authorities referred to, we are unable to see their applicability to the present case. A fine was imposed upon a violator of the law, which he was compelled to pay, or serve ninety days upon the chain gang. Not having the money, he paid it with the promissory note of the plaintiffs in error, which he procured to be given in satisfaction thereof, and which

was accepted by the officer of the law authorized to receive it, as so much money.

How it could be construed into a contract to do an immoral or illegal thing, does not occur to us. It was not a contract to satisfy, but to answer for a public offence; it was not a contract to suppress, but to suffer the penalty following a prosecution; it was not a contract for compounding a felony or a misdemeanor, but meeting the sentence of the law for the commission of an offence.

Whether the party fined had this note of the plaintiffs in error already in hand, and paid his fine with it, or got them to give it for that purpose, does not change their liability. The consideration for the note, if it be as claimed, was valid, given in the advancement of public justice, and in no sense contravened the policy of the law. There was no error in striking the plea.

2. It was urged on the argument that the judgment against the defendants was illegal, because it was in the superior court on appeal from a justice's court, and should have been tried by a jury. This objection would be fatal if it had not been submitted by consent to the judge to be tried without the intervention of a jury, but this having been done the judgment is valid.

3. It is further claimed, that there is error in the judgment, because it was rendered for a larger sum than was due on the debt. Whether this be so or not, may be easily ascertained upon an accurate calculation, but there is no assignment of error in the bill of exceptions on this ground, and there was no such question raised in the court below, hence, we do not rule upon it. If, however, there be such palpable error appearing on the face of the pleadings and proofs as is insisted upon here, the judge below is hereby authorized and empowered to require that the same be written off from the amount of the judgment before the *fi. fa.* shall issue.

Judgment affirmed.