NASHVILLE AND CHATTANOOGA RAILROAD *vs.* McMAHON.

1. The act of 1860, which provided for the perfecting of service upon the Nashville and Chattanooga railroad in this state by posting the process, warrant, summons, or notice to be served upon a post, to be erected by the justices of the inferior court at Lookout, in Dade county, and also mailing a copy to the president, was not affected by the adoption of the constitution of 1861 or that of 1868, in each of which it was declared that laws shall have a general operation, and no general law affecting private rights shall be varied in any particular case by special legislation, except by the free consent in writing of the persons to be affected thereby, etc.

(*a.*) Nor did such constitutional provisions render illegal the act of 1869, which merely changed the place at which the post provided for by act of 1860 was to be erected.

(*b.*) The acts of 1845 and 1855, which are claimed to be the general laws on the subject of the service of corporations having no place of business in Georgia or no individual upon whom service may be perfected, contained no provision for service except in the superior court, the inferior court, or such other courts as have a clerk, while this case originated in a justice's court.

2. Such service may be the foundation of a personal judgment against the defendant.

April 10, 1883.

Railroads. Service. Venue. Before Judge FAIN. Dade Superior Court.    March Term, 1882.

Reported in the decision.

KEY & RICHMOND; W. T. NEWMAN, for plaintiffs in error.

W. N. & J. P. JACOWAY; R. J. McCAMY, for defendant

CRAWFORD, Justice.

The only question made in this case is as to the legality of the service upon the defendant in the court below. That service was perfected in the manner pointed out by law.

In the year 1860, an act was passed to enable parties having claims against the Nashville and Chattanooga Railroad Company, in the state of Georgia, to perfect service upon it. It recited in the preamble, that there being no station or agent in the state upon whom to perfect service on said company for injuries to stock, property or person, it was, therefore, enacted that the justices of the inferior court in and for the county of Dade should cause to be erected a post, at a place in said county known as Lookout; and upon any process, warrant, summons or notice, from any of the courts of this state, being issued against said company, and the same being posted on said post, and a

copy thereof sent by mail to the address of the president, on or before the day it was placed on the said post by the officer serving the same, should be deemed and held as full and complete service in law, and as binding on the company as if made on any officer, agent or employé.

To the foregoing act an amendment was passed in 1869, in which, after reciting the fact that the said railroad company had discontinued the depot or way-station at Lookout, it was, therefore, enacted that the ordinary of the county of Dade should cause to be erected a post at the place on the said railroad known as Hooker, and upon which such legal notices as provided for in the act of 1860 should be thereafter posted, and copies sent by mail, as required by the said act, to the president of the company, and this was to be deemed and held as full and complete service.

1. It was not denied by the defendant that the service had been perfected as required by these acts, but that they were unconstitutional.

In support of this view, we are cited to a clause in the constitution of 1868, copied substantially from the constitution of 1861, which declares that laws shall have a general operation, and no general law affecting private rights shall be varied in any particular case by special legislation, except by the free consent in writing of the person to be affected thereby, etc.

We think it sufficient to say, in reference to this objection, that the act of 1860 was not to be affected by the foregoing clause of the constitutions of 1861 or 1868, if indeed it could be construed to refer to the particular subject-matter of that act at all. Nor could it be said to be operative upon the amendment of 1869, which only changed the place at which the post, provided for by the act of 1860, was to be erected. Besides, it could in no sense be applicable to the case at bar, because the acts of 1845 and 1855, which are said to be the general laws upon the subject of the service of corporations having no place of doing business, or no individual upon whom service

v70-38

may be perfected, have no provision for service except in the superior and inferior courts, or such other courts as have a clerk, whilst this case originated in the justices' courts.

We hold, therefore, that the service was good, and no error was committed by the court below in his judgment on that point.

2. It is, however, further insisted that the judgment in this case was a personal judgment against the plaintiff in error, and that such judgments can only be rendered where there was either valid legal service upon the party, appearance, or attachment of property and publication. Georgia, by her laws, declares that service may be perfected on individuals, either personally by giving them copies of the writ or paper to be served, or by leaving the same at their most notorious places of abode; and with either, judgments *in personam* are rendered. We are at a loss to see why, this corporation having a location in the county of Dade, and a way station, if not a depot, at which their trains stop, receive, and discharge passengers, it is not competent for the legislature to provide, that service may be perfected upon it, by posting notices of such papers as may be necessary to bring it into court, and especially when it is further required that copies thereof shall be sent by mail to the president of the company. The forwarding of copies to the president is a requirement not necessary to a personal judgment against individuals in Georgia.

Judgment affirmed.