### HARDMAN *v.* NOWELL *et al.*

1. Where the only defence, as shown by the evidence, to an action for
   land under claim of a parol gift by a father to his child, was that
   the child went into possession under agreement that the land was
   loaned to him, it was error so to charge the jury that they .could
   not find for the father unless they believed from the evidence that
   the child not only took possession as of a loan, but also acknowl-
   edged a claim of dominion by the father, or disclaimed title.
2. A charge upon the subject of rescission of an agreement between
   the father and child as to a loan of the land, not being authorized
   by the evidence, should not have been given.
   December 2, 1889.

Ejectment.  Parent and child.  Gifts.  Loans.  Charge
of court.  Before Judge HUTCHINS.  Walton superior
court.  August term, 1889.

Reported in the decision.

FOSTER & BUTLER, CALVIN GEORGE and B. J. EDWARDS,
for plaintiff in error.

H. D. MCDANIEL and MCHENRY & WALKER, *contra.*

SIMMONS, Justice.

It appears from the record that Bibza Hardman, in the year 1866, put his son, Dr. Hardman, in possession of a certain tract of land. The son retained possession and control over the land from that time until the year 1882, when he made a deed to his three daughters, the defendants in error here. They retained possession of it for two or three years, when Bibza Hardman, their grandfather, took possession of it and refused to surrender it upon their damand. Upon the trial of the case, under the charge of the court, the jury found in their favor. The defendant moved for a new trial upon the several grounds set out in the motion, which was overruled, and he excepted.

The title the plaintiffs relied upon for recovery was the deed made to them by their father, Dr. Hardman, and a presumptive gift made to him by his father, Bibza Hardman, under §2664 of the code; that section being as follows : "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan, or of a claim of dominion by a father acknowledged by the child, or of a disclaimer of title on the part of the child."

The defendants in error claimed that Dr. Hardman, being the son of Bibza Hardman and by him placed in possession of this land, and having had the exclusive possession thereof for the space of seven years without the payment of rent, thus acquired the legal title, which he transmitted to them by his deed. Bibza Hardman, the defendant, denied this, and claimed that his son went into possession with the understanding that the land was loaned to him and was not to be a gift. It will be seen, by reference to the section above cited

(§2664), that the father can make three defences to a claim of this kind on the part of the child: (1) that the child went into possession of the land under the agreement that it was to be loaned to him; (2) that the father claimed dominion over the land, and that the claim was acknowledged by the child; and (3) that the child disclaimed title to the land. The father can insist on either or all of these defences. We have read the evidence in the record carefully, and it satisfies us that the only defence insisted on by the defendant in this case was that the son went into possession of the land as a loan from the father. There is no evidence in the record that he claimed any dominion over the land, or that the son acknowledged the dominion of the father during the son's occupancy thereof; nor is there any evidence in the record tending to show that the son disclaimed title to the land during his possession thereof. We think, therefore, that the court erred in charging the jury as set out in the 4th ground of the motion for a new trial. That charge was as follows:

" If you believe from the evidence that Dr. Hardman, the son, took possession under a loan, understanding or contract with his father that he might keep, use and cultivate, and receive the profits of the land, in consideration that he would pay the taxes on it; and if you further believe from the evidence that Dr. Hardman took and remained in possession under that loan, understanding or contract, and that his possession was not exclusive of his father, (that is, that his father continued to claim dominion and control over the land as his own); and if you further believe from the evidence that the son, Dr. Hardman, acknowledged such dominion on the part of his father, or disclaimed title in himself, then the legal title is still in the defendant, and the plaintiffs cannot recover."

1. Under this charge, the jury could not find for the de-

fendant unless they believed from the evidence that the son went into possession of the land as a loan, and that a claim of dominion by the father was acknowledged by him, or that the son disclaimed title to the land.   It puts a greater burden on the defendant than he assumed in his defence.   His defence was, that he loaned the land to his son; and he did not insist in his defence that he claimed dominion over the land and that the son acknowledged it; nor was his defence that the son disclaimed title to the land.   The jury may have been satisfied that the land was loaned to the son, but under the evidence they could not have been satisfied or believed that the father claimed dominion over the land and that the son acknowledged it, or that the son disclaimed title, there being no evidence before them tending to show either of the latter propositions.   If the evidence of the loan had been clear and uncontradicted, the jury, under this charge, would have been obliged to find for the plaintiffs as they did.   The charge, in our opinion, misled the jury and diverted their minds from the real defence made by the defendant.

2. We think the court erred in the charge complained of in the 5th ground of the motion, wherein he charged, "or if you believe from the evidence that there was such contract or loan or understanding at the time Dr. Hardman took possession, that it was afterwards rescinded and ceased to be relied upon by the parties, and that Dr. Hardman had exclusive possession of the land, and the father relinquished and claimed no dominion over it," etc.   We think this charge upon the subject of rescission was not authorized by any evidence submitted to the jury, and that it was therefore erroneous.   We think that at the next trial, the court should submit to the jury the simple question of whether it was a gift by the father to the son, or a loan, and leave out the question whether the father claimed

v 84-4

dominion and dominion was acknowledged by the son, or whether the son disclaimed title to the land.

*Judgment reversed.*