## PHILMON *v.* MARSHALL.

1.  A discharge in bankruptcy under the bankrupt act of 1898 does not affect the lien of a creditor who does not prove his debt in the bankrupt court, when the lien was created more than four months before the filing of the petition in bankruptcy.
2.  There was no error requiring a reversal of the judgment.

Submitted November 24, — Decided December 13, 1902.

Affidavit of illegality.   Before Judge Butt.   Taylor superior court.   April 8, 1902.

*J. J. Bull* and *O. M. Colbert,* for plaintiff in error.
*J. H. Martin,* contra.

COBB, J.   An execution in favor of Marshall issued against Beall and another as principals, and Philmon and others as securities, on a judgment obtained April 3, 1895, and the same was levied upon a tract of land as the property of Philmon.   Philmon interposed an affidavit of illegality, setting up that he was a discharged bankrupt under the bankrupt act of 1898, and that the debt of Marshall was not one excepted from the operation of a discharge under that act.   The affidavit of illegality is dated Febru-

ary 28, 1901. Following this affidavit in the record is another affidavit of Philmon, dated September 3, 1901, in which it is stated that the land levied on and referred to in the first affidavit was set apart to him as his exemption in bankruptcy. Issue was joined upon the affidavit of illegality, and at the trial the defendant " assumed the burden and stated that the issue was whether a discharge in bankruptcy would prevail against a judgment." The only evidence introduced was the discharge in bankruptcy, dated May 2, 1899, the execution in favor of Marshall against Philmon, and the bond upon which the judgment was founded. It was admitted that Marshall "had not proven his debt in bankruptcy against Philmon," and that this was the second affidavit of illegality. There was no evidence that the land levied on had been set apart as an exemption in bankruptcy. The court directed the jury to find the issue in favor of the plaintiff in execution. Error is assigned upon the ruling directing a verdict, and also upon the admission in evidence of the bond above referred to.

This court has twice held that a discharge in bankruptcy under the bankrupt act of 1898 does not affect the lien of a creditor who does not prove his debt in the bankrupt court, when the lien was created more than four months before the petition in bankruptcy was filed. *Evans* v. *Rounsaville,* 115 *Ga.* 684; *Smith* v. *Zachry,* Id. 722. The lien of the judgment still subsisting and there being no evidence that the land levied on had been set apart to the bankrupt as an exemption, there was no error in directing a verdict in favor of the plaintiff in execution. The bond above referred to was objected to on the ground that the penalty therein was only $200, while the execution was for $235.60 principal. A judgment for a larger sum than that sued for is not for that reason void. It is a mere irregularity. *Buice* v. *Mining Co.,* 64 *Ga.* 769 (2), and cases cited. See also *Blain* v. *Hitch,* 70 *Ga.* 275 (3). The decision in *Lester* v. *Cloud,* 67 *Ga.* 770, must yield to the rulings in the earlier cases. There was no error requiring a reversal of the judgment.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*