## HUBBLE v. NASHVILLE, C. & ST. L. RY. CO.

(Circuit Court, N. D. Georgia. February 9, 1911.)

REMOVAL OF CAUSES (§ 27*)—ADVERSE CITIZENSHIP—CITIZENSHIP OF DEFEND-ANT RAILROAD COMPANY.

Laws Ga. 1847, p. 172, authorizes the survey of the most eligible route for a contemplated railroad from Nashville to Chattanooga through a certain county in Georgia. Section 2 provides that, as soon as such route should be ascertained, a certain railroad company incorporated in an-other state should be allowed the right of way for extension of its rail-road through such county, and that such company should have all the privileges and be subject to the same restrictions, so far as applicable, as were granted for its benefit and government of a certain railroad com-pany by the Legislature of the other state, incorporating such other rail-road company. Section 3 provides that the railroad company shall en-joy all the privileges and be subject to the same restrictions as were granted to and imposed upon it by the Legislature of the other state in-corporating it. Laws Ga. 1860, p. 45, provided for the erection of a post in the county through which the right of way was surveyed, and that process might be served upon the railroad company by posting on the post, and by mailing copy thereof to the president of the road. Laws Ga. 1869, p. 139, changed the place for erecting the post to another town. *Held,* that there was no intent to make the railroad company a domestic corporation, the act, on the contrary, recognizing it to be a corporation of the other state, so that it could remove to the federal court an action brought against it in a state court of Georgia.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. § 27.*]

At Law. Action by O. R. Hubble, administrator of Mary L. Hub-ble, against the Nashville, Chattanooga & St. Louis Railway Com-pany. On motion to remand to the state court. Motion overruled.

J. P. Jacoway, B. T. Brock, H. P. Lumpkin, and W. M. Henry, for plaintiff.

Foust, Payne & Tatum and L. S. Lyemance, for defendant.

NEWMAN, District Judge. This action was brought in the su-perior court of Dade county, Ga., and was removed to this court. It is now before the court on a motion to remand.

The motion is based upon the ground that what was formerly the Nashville & Chattanooga Railroad Company, now the Nashville, Chat-tanooga & St. Louis Railway Company, is a corporation of the state of Georgia, and consequently has no right to remove a case brought in the state court to the Circuit Court.

The acts of the Legislature of Georgia pertinent to the question are certain acts of 1847, 1860, and 1869.

The act of 1847 (Acts Ga. 1847, p. 172) authorizes, first, the ascertainment, by survey, of the most eligible route for the contemplated railroad from Nashville to Chattanooga, through the county of Dade, in the state of Georgia. Section 2 of the act provides that, as soon as such route through the county of Dade is ascertained, the Nashville & Chattanooga Railroad Company shall be allowed the right of way for the extension and construction of said railroad through the county of Dade, and that said company shall be entitled to all the privileges, rights, and immunities, and be subject to the same restrictions, as far as they are applicable, as are granted, made, and prescribed for the benefit, government, and direction of the Hiwassee Railroad Company, by an act of the Legislature of Tennessee incorporating said Hiwassee Railroad Company. The third section provides that the Nashville & Chattanooga Railroad Company shall have and enjoy all the rights, privileges, and immunities, and be subject to the same restrictions, as are granted to and imposed upon said company by the act of the General Assembly of Tennessee incorporating the same. There is then a proviso, which is, apparently, intended to restrict the rights granted the Nashville & Chattanooga Railroad Company to those granted by the Legislature of Tennessee to the Western & Atlantic Railroad Company of the state of Georgia.

In the act of 1860 (Laws Ga. 1860, p. 45) a certain method was provided for service. The ordinary of the county was to have a post erected at Lookout, in Dade county, and the posting of processes, warrants, summonses, or notices from the superior or inferior or justices' courts on the post and mailing a copy of the same to the president of the road made complete service.

In 1869 the Legislature of Georgia passed an act (Laws Ga. 1869, p. 139) whereby the place for erecting the post on which summonses, processes, etc., were to be posted was changed from Lookout to Hooker.

I find nothing in either of these acts which indicates any purpose whatever on the part of the Legislature of Georgia to make the Nashville & Chattanooga Railroad Company a domestic corporation. On the contrary, it seems to me that all the acts recognize it to be a Tennessee corporation. Certainly, if it had been the purpose of the Legislature of Georgia to make this railroad company a Georgia corporation, some language could be found which would indicate in some way this intention.

During all the years from 1847 to the present time, so far as I am aware, there has been no claim that any such purpose existed on the part of the Legislature of Georgia as that claimed by counsel for the plaintiff in this case.

In the case of Nashville & Chattanooga Railroad v. McMahon, 70 Ga. 585, the question of the validity and effect of service, as provided by the acts of 1860 and 1869, was passed upon; but it was not suggested or intimated, as I understood the case then, and as I still understand it, that the Nashville & Chattanooga Railroad Company was a domestic corporation.

This being the only ground set out in the motion to remand, the same is overruled.