### 9357. JOHNSTON *et al. v.* SHEPPARD *et al.*

Where a judgment against the sureties for the principal sum in an event-ual condemnation-money bond, given in a trover suit, exceeds the penalty named in the bond, the judgment as to the sureties is errone-ous to the amount of the excess, and, on a motion timely made by the sureties, should be corrected accordingly. In the instant case direc-tion is given that such excess in the judgment against the sureties be written off, and that the judgment stand against the sureties as to the principal sum recovered for the amount of the penalty fixed by their bond.

DECIDED APRIL 11, 1918.

Motion to set aside judgment; from city court of Floyd county —Judge Nunnally. October 11, 1917.

J. C. Sheppard brought trover against Green White for two bales of cotton, alleging that the value of the cotton was $115, and its yearly value $8.05, being the interest thereon at seven per cent. per annum. Green White as principal, and Johnston and Harris as his sureties, executed the usual eventual condemnation-money bond, payable to the plaintiff, in the sum of $230. On the trial of the case the jury found for the plaintiff $241.50, and a judgment was entered against the principal and the sureties in that sum, with interest from the date of the judgment at seven per cent. per annum. At the term at which the verdict and the judgment were rendered, the sureties filed a motion to set aside the judgment as against them, alleging that the judgment was illegal and void: (1) Because it was for an amount in excess of the liability of the sureties on their bond. (2) Because the plaintiff in a trover action can not recover a greater amount of principal than the amount alleged in his petition, and the amount alleged in the petition in this case is $115, and no amendment was offered or allowed in-creasing the value. (3) Because the bond signed by the sureties limits the amount that could be recovered against them to $115 principal, and no amount greater than $230 can be recovered against them, and any amount in excess of $115 must be cost or

other items not included in the principal. (4) Because the judgment is void on its face for want of authority in the pleadings to enter such a judgment.

A rule nisi was granted, and service acknowledged thereon by Sheppard and Green White. Sheppard demurred to the motion, on several grounds, the purport of which is that no reason appears why the prayers as set out should be granted. He answered admitting the allegations of the motion, and asserting that the interests of the movants were properly protected by and through their principal, and that they were bound and their rights fixed by the verdict and judgment against the principal, and that under the allegations of the motion they had no right to have the judgment set aside, and he asked that the motion be dismissed. The trial judge overruled the motion, and the sureties excepted to this ruling.

*T. W. Lipscomb,* for plaintiffs in error.

*C. I. Carey, John W. Bale,* contra.

HARWELL, J. (After stating the foregoing facts.) "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Civil Code, § 5960; *Merritt* v. *Bagwell,* 70 *Ga.* 585; *Steers* v. *Morgan,* 66 *Ga.* 555; *Artope* v. *Barker,* 74 *Ga.* 465; *Tietjen* v. *Merchants National Bank,* 117 *Ga.* 501 (43 S. E. 730); *Davis* v. *Bray,* 119 *Ga.* 220 (46 S. E. 90); *Sweat* v. *Latimer,* 119 *Ga.* 615 (46 S. E. 835); *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154). A verdict and judgment for a larger amount than that sued for is not for that reason void. It is a mere irregularity. *Philmon* v. *Marshall,* 116 *Ga.* 811, 812 (43 S. E. 48); *Buice* v. *Lowman Mining Co.,* 64 *Ga.* 769 (2); *Blain* v. *Hitch,* 70 *Ga.* 275 (3). The surety on a bond given by a defendant in an action of trover for the eventual condemnation money is bound by the judgment against the defendant, and can not, after judgment, raise any question which could have been raised by the principal before judgment. *Waldrop* v. *Wolff,* 114 *Ga.* 610 (40 S. E. 830); *Jackson* v. *Guilmartin,* 61 *Ga.* 544; *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11); *Holmes* v. *Langston,* 110 *Ga.* 861 (36 S. E. 251); *Hogan* v. *Scott,* 146 *Ga.* 126 (90 S. E. 863).

An irregularity in the judgment apparent on the face of the record may be corrected. *Latimer* v. *Sweat,* 125 *Ga.* 475 (3), 477

(54 S. E. 673), and cases cited. A surety on a bond is not liable for more than the penalty in the bond with interest thereon. *Westbrook* v. *Moore,* 59 *Ga.* 204. Judge Bleckley in this case, said: "Possibly a bond with the prescribed condition would have been valid if no penal sum whatever had been expressed therein, and, if valid at all, it would have been good to the extent of the whole recovery against the principal; but here is a bond in which the security has limited his undertaking by a definite expression of the amount. He stands for eighty dollars only. The officer might not have been obliged to accept such a bond, but he did accept it, and it contains the security's contract and the money measure of his liability. Perhaps, without such a limitation as to amount, he would not have signed it. We do not know of any instance in which more than the penalty of a bond can be recovered of a security. The Code, section 3575 [Civil Code, § 5940], properly construed, does not contemplate anything of the kind. It provides for a less, not for a greater recovery." See also *Witt* v. *Nesar,* 145 *Ga.* 675 (89 S. E. 747). The plaintiff is not restricted however, in his recovery to the amount mentioned in the bond so far as the defendant, the principal in the bond is concerned. *Phillips* v: *Taber,* 83 *Ga.* 565, 568 (10 S. E. 270). In the *Phillips* case, as to the surety, the excess in the judgment above the penalty in the bond was written off by the plaintiff.

The whole judgment will not be set aside because of error as to a part thereof, where it can be determined from the record how much is erroneous. *Jones* v. *Findley,* 84 *Ga.* 52 (10 S. E. 541); *Latimer* v. *Sweat,* supra.

Under the principles of law stated in the foregoing authorities, the judgment against the principal was properly entered for the full amount of the verdict. The surety in the trover bond was bound by the verdict against the principal to the extent of the penalty in the bond, $230, with interest from the date of the judgment. The court should, on motion timely made by the surety, have corrected the judgment accordingly. Direction is therefore given that the sum of $11.50 be written off from the principal sum recovered against the sureties on the bond, and that the interest recovered against the sureties be also corrected, to correspond with this reduction of the principal, and, as the plaintiffs in error have obtained a material modification of the judg-

ment against them, it is directed that the cost of the writ of error be taxed against the defendants in error.

*Judgment affirmed with direction. Broyles, P. J., and Bloodworth, J., concur.*