### 24505. WATKINS COMPANY *v.* HERRING *et al.*

JENKINS, P. J. 1. Irrespective of whether or not the motion or petition of the plaintiff to set aside the verdict and judgment for $300 rendered against it in favor of one of the defendants be construed as a technical statutory motion to vacate or set aside (Code of 1933, §§ 110-702, 110-703), or as a petition at law, filed at the term at which the judgment was rendered with proper issuance and service of a rule nisi (*Grogan* v. *Deraney*, 38 *Ga. App.* 287, 290, 143 S. E. 912, and cit.), and irrespective of whether or not the alleged fraud in the procurement of the verdict and judgment could be set up as a basis for their avoidance, otherwise than by proper equitable pleading (see Code of 1933, §§ 37-219, 37-709, 110-710; *Wright* v. *Martin*, 153 *Ga.* 32, 35, 111 S. E. 190, and cit.; *Doyal* v. *Tommey*, 160 *Ga.* 378, 380, 127 S. E. 750; *Williamson* v. *Haddock*, 165 *Ga.* 168, 140 S. E. 373; *Firemen's Ins. Co.* v. *Oliver*, 176 *Ga.* 80, 82, 167 S. E. 99; *Ellard* v. *Simpson*, 166 *Ga.* 278, 142 S. E. 855; *Branan* v. *Feldman*, 158 *Ga.* 377 (2, 3), 123 S. E. 710; *Roberts* v. *Roberts*, 150 *Ga.* 757, 105 S. E. 448; *Lester* v. *Graham*, 32 *Ga. App.* 379, 123 S. E. 37; *Longshore* v. *Collier*, 37 *Ga. App.* 450 (2), 140 S. E. 636; *Gillespie* v. *Farkas*, 19 *Ga. App.* 158, 91 S. E. 244; *Donalson* v. *Bank of Jakin*, 33 *Ga. App.* 428, 127 S. E. 229), the judge did not err, under the sworn pleadings, the affidavit of counsel for the plaintiff, and the correspondence with the court, introduced at the hearing, in refusing to vacate and set aside the verdict and judgment on the ground of fraud.

2. Unless a pleading shows on its face that a cause of action does not in fact exist, or the pleading is so utterly defective that it could not be amended at all, or the defect is of such character as renders unenforceable or meaningless a verdict and judgment based thereon, defects in the pleading are cured by the verdict, on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient, necessary for its rendition, which would have been admissible or relevant under any proper amendment. *Rollins* v. *Personal Finance Co.*, 49 *Ga. App.* 365, 366 (175 S. E. 609), and cit.; Code of 1933, § 110-705.

3. There is no merit in the additional grounds of the plaintiff's motion or petition to vacate and set aside the verdict and judgment, which attack them on the merits of the defendant's right to recovery, and the sufficiency of his pleading to authorize such recovery. The latter ground is based upon the contention, stated in the brief, that the amendment which the defendant filed to his plea and answer was "subject to a motion to dismiss or a demurrer ore tenus, and had plaintiff's counsel been present [at the trial], such motion would have been made, and if . . counsel had filed additional amendments to meet the objections which would have been made ore tenus, this would have given plaintiff the right to continue to meet any matter that might be so set up by another amendment." Plaintiff having no right to question the merits of the recovery by the procedure taken, the amended answer under which the judgment was entered being admittedly amendable, and any defects in the pleading being therefore cured by the verdict, the court did not err, for the reasons urged, in refusing the relief prayed for.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided June 14, 1935.

T. *Glenn Dorough,* for plaintiff.

J. *C. Rainey, Jule W. Felton,* for defendants.

