24688.  BRIGHT *et al. v.* AUTO FINANCE & LOAN COMPANY.

STEPHENS, J.  1.  It is possible that "Auto Finance & Loan Company Inc." and "Auto Finance & Loan Company" are one and the same, that Auto Finance & Loan Company is a corporation and that the expression "Inc." in "Auto Finance & Loan Company Inc." is merely descriptive of the character of Auto Finance & Loan Company as being a corporation.  Whether a note has been transferred is a question of fact.  Therefore a written transfer of a note to "Auto Finance & Loan Company Inc." may in fact be a transfer of the note to "Auto Finance & Loan Company."  Where it is alleged in the petition in a suit to recover upon a note, brought by "Auto Finance & Loan Company" against the makers, that the payee of the note had transferred it to the plaintiff, and there appears on the note a written transfer to "Auto Finance & Loan Company Inc.," the allegation is sufficient as one that the note was in fact transferred to the plaintiff.  Assuming, however, where the note contains a provision that title to an automobile for which the note is given in payment of the purchase-price is retained in the payee as security for the payment of the note, and there is on the note a written transfer by the payee, which recites that "for value received we hereby sell and convey the title of the within described property to the Auto Finance & Loan Company Inc., with recourse," that the written transfer conveys only the title of the payee to the automobile and does not convey and pass title to the note, yet where it is alleged in the petition that the plaintiff the "Auto Finance & Loan Company" is the holder of the note and that the note was transferred to the plaintiff for value by

the payee of the note, the allegation is sufficient as one alleging that the plaintiff is the holder by transfer of the legal title to the note. "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." Code of 1933, § 14-420. Therefore the petition was not subject to demurrer on the ground that it does not appear that the note was transferred to the plaintiff, or that it does not appear that the plaintiff had title to the note. The petition set out a cause of action.

2. Where a note has been given for the purchase-price of personalty, and contains a retention of title to the property as security for the debt, a foreclosure, by the holder of the note, of the lien on the property as security for the debt, and the acquisition by him of the property by having purchased it at the foreclosure sale, where the foreclosure proceedings and the sale had thereunder were void on any ground, as that notice had not been given to the maker of the note, do not amount to a rescission of the contract, and constitute no defense to the note. *Wesley* v. *Battle Brothers*, 17 *Ga. App.* 755 (88 S. E. 415); *Kirkland* v. *Gaskins*, 20 *Ga. App.* 235 (92 S. E. 965).

3. Whether or not the court erred in sustaining the demurrer of the plaintiff to the plea of the defendants which alleged that a certain amount of money which the defendants had "delivered" to the plaintiff was money had and received, and that the defendants should have a judgment against the plaintiff therefor "as set-off and recoupment," the error was immaterial and harmless where in the amount of the verdict for the plaintiff the defendants were given credit for the amount thus pleaded as set-off and recoupment.

4. Where, in addition to the defenses interposed which were stricken as above indicated, the defendants in their plea denied that the note sued on had been transferred to the plaintiff and denied that the plaintiff was the holder of the note in due course, but did not deny the execution of the note, and where the only evidence adduced was the note, it does not appear that the court erred in directing the verdict for the plaintiff in a sum representing the face value of the note, less the amount of credit given by the plaintiff as representing the sum for which the property had sold at the foreclosure sale, and also less the amount which one of the defendants alleged had been paid to the plaintiff.

5. The court did not err in overruling the general demurrer to the petition as amended, in disallowing the amendment to the plea and answer, in striking the plea and answer, or in the direction of the verdict for the plaintiff. The evidence demanded the verdict, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 17, 1936.

*E. L. Smith, R. J. Bacon,* for plaintiffs in error.
*A. N. Durden,* contra.