### 29129. GEORGIA SECURITIES COMPANY *v.* WARD.

DECIDED NOVEMBER 19, 1941.

*Tolnas & Middlebrooks,* for plaintiff in error.
*Miles W. Lewis,* contra.

STEPHENS, P. J. Iverson Ward filed in the superior court of Greene County a petition in the nature of a motion to set aside a judgment rendered in that court against him in a suit on a note dated March 21, 1921, and due November 21, 1921, by Georgia Securities Company. The motion to set aside the judgment was based on the ground that the petition in the suit of Georgia Securities Company against Iverson Ward on the note failed to set out a

cause of action in that it did not appear that the petitioner had title to the note; that it appeared from the petition only that the note, which was on its face negotiable, had been made to the payee therein, Michael Kimbrough Company; that the payee had delivered the note to the Bank of Apalachee; that the Bank of Apalachee had delivered the note to Georgia National Bank of Athens; that on the insolvency of the Georgia National Bank of Athens the note was "duly and legally delivered" to the plaintiff, Georgia Securities Company, by the receiver of the bank, in conformity with the order of the district court of the United States for the middle district of Georgia on August 30, 1926; that the note was never indorsed by the payee. and that it nowhere appeared from any allegation in the petition that any assignment of the note was made by the original payee nor by any of the subsequent holders to Georgia Securities Company, and that therefore no title to the note was shown in Georgia Securities Company. It was further alleged in the motion to set aside the judgment that the movant, the alleged maker of the note and the defendant in the suit on the note, had, long before the suit was brought, by arrangement with the original payee, settled the indebtedness represented by the note. The demurrer to the motion was overruled, and the respondent excepted.

It appears from the motion that the alleged defect in the petition in the suit on the note was that the plaintiff, Georgia Securities Company, had no title to the note by reason of it not appearing that the note, although it had come into the possession of the plaintiff by delivery by the payee, had been indorsed by the payee, or the successive transferees, to the plaintiff, and that therefore the petition failed to set out a cause of action against the maker of the note, and for that reason the judgment rendered for the plaintiff was void and subject to be set aside on motion.

If the alleged defect in the petition was one which was amendable such defect was cured by verdict, and the judgment was not subject to be set aside by reason of such defect. *Rollins* v. *Personal Finance Co.*, 49 *Ga. App.* 365 (175 S. E. 609) ; *Watkins Co.* v. *Herring*, 51 *Ga. App.* 396 (180 S. E. 525). Although it did not appear either from the note attached to the petition or from the allegations of the petition, that there had ever been any transfer of the legal title by indorsement to the plaintiff, the petition was

subject to amendment alleging that the note in fact had been indorsed by the payee, and by the successive transferees to the plaintiff. The petition was also subject to an amendment alleging that each successive transferee of the note had paid value therefor and that the plaintiff had acquired the note for value. Under the Code, § 14-420, such allegation alleged a right and title in the plaintiff to maintain the suit. *Bright* v. *Auto Finance & Loan Co.*, 52 *Ga. App.* 841 (184 S. E. 786). While it appears that the note was executed March 21, 1921, which was before the enactment of the negotiable instruments law in 1924, this section of the law would be applicable to any transfer of the note without indorsement made after the passage of the act in 1924. While the petition in the suit on the note was silent as to when the successive deliveries and transfers of the note were made by the payee and the successive transferees, all of these transactions could have transpired after the enactment of the negotiable instruments law. It is possible therefore that the petition could have been amended by alleging that such transfers took place after 1924 and that each one was made for value.

The defect in the petition which is alleged in the motion to set aside the judgment as ground for setting it aside was an amendable defect and could have been corrected by amendment. Such defect was cured by verdict. *Rollins* v. *Personal Finance Co.*, 49 *Ga. App.* 365 (175 S. E. 609); *Watkins Co.* v. *Herring*, 51 *Ga. App.* 396 (180 S. E. 525). The court erred in overruling the demurrer to the motion to set aside the judgment.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I think this is an equity case, of which the Supreme Court has exclusive jurisdiction. The petition on which the judgment sought to be set aside was rendered alleged that Iverson Ward executed and delivered to Michael Kimbrough Company, a partnership composed of Roy Michael and Clarence Kimbrough, the note sued on, and that to secure the note Ward executed to Michael and Kimbrough a security deed to certain lands; and that Michael and Kimbrough disposed of the note but retained title to the lands conveyed to them as security for the note. It prayed that Michael and Kimbrough "be declared and decreed to hold the legal title to said property only for the purpose of securing said judgment, and that they and each of them be required

to convey said property to said defendant, Iverson Ward, for the purpose of levy and sale thereof under said judgment, and that upon failure of said defendants so to do, that the title be decreed in said Iverson Ward for said purpose as effectually as if so conveyed to him." There was also a prayer for a receiver and other appropriate equitable relief. The judgment rendered declared a special lien on the lands described in the security deed, and decreed that the legal title to the land was vested in the defendants Roy Michael and Clarence Kimbrough solely to secure the indebtedness sued on, and Michael and Kimbrough were authorized and directed to convey the land to Iverson Ward for the purpose of levy and sale, and the title to the property was "described" (decreed) to be in the defendant, Iverson Ward, for the purpose of such levy and sale. The decree further provided "that this case remain open for further orders and decrees to carry this decree into effect, including the appointment of a receiver." I am of the opinion that the decree was an equitable decree and that no lesser tribunal has authority to set aside a decree which it was powerless to render in the first instance.