WALKER *et al. v.* TURNER *et al.*

No. 16181.　APRIL 13, 1948.

*Lawson E. Thompson,* for plaintiffs in error.

*W. A. Slaton,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ "A dormant judgment may be revived by scire facias or sued on within three years from the time it becomes dormant." Code,

§ 110-1002. In the instant case a proceeding was filed and scire facias issued on July 12, 1943, to revive a judgment which was rendered June 1, 1930. Clearly a right to revive the judgment was barred by the statute, but it is now too late to raise that issue for the first time. It should have been raised by an appropriate plea to the scire facias. In *Helms* v. *Marshall*, 121 *Ga.* 769, 770 (49 S. E. 733), this court held: "A scire facias to revive a dormant judgment is in the nature of a suit, and the defendant is bound to plead all matters of defense that he has, just as he would in an ordinary suit, or else he will be after the judgment concluded as to any defense which could have been made the subject-matter of a plea." And in *Milner* v. *Neel*, 114 *Ga.* 118 (supra), which we are requested to review and overrule, this court in 1901 said: "So far as we have read, no court has ever held a judgment void because it was rendered upon a cause of action which had been barred before the commencement of the suit. If a person is sued upon a cause of action which is barred, he can not fail or refuse to attend the court and allow a judgment to go against him and afterwards claim that the judgment is void. It is his duty to appear at court and plead the statute of limitations, or demur to the petition if the bar appear on the face thereof." The ruling in the *Milner* case is, we think, a correct statement of the law. It follows a principle of law announced by this court in 1881 in *Lewis* v. *Allen*, 68 *Ga.* 400, and the request that it be now review and overruled is denied.

■ "Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained." Code, § 110-1005. It is contended in the present case that the judgment of revival is void because the petition for revival was brought and the scire facias issued in the name of the transferee and not in the name of the original plaintiff, suing for the use of the transferee, as required by section 110-1009 of the Code, which provides: "The scire facias, when the judgment has been transferred, shall issue in the name of the original plaintiff for the use of the transferee." We can not agree that the judgment in the present case is for this reason void. Section 81-1307 declares: "When several plaintiffs shall sue jointly, the petition may be amended by striking out the name of one or more

of such plaintiffs; and when it shall become necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." While it is true in the present case that the petition for revival was defective, since it should have been brought in the name of the original plaintiff suing for the use of the transferee, yet this, being an amendable defect to which there was no demurrer or other objection upon the trial, was cured by the verdict. Code, § 110-705; *Stowers* v. *Harris,* 194 *Ga.* 636, 638 (22 S. E. 2d, 405); *Georgia Securities Co.* v. *Ward,* 66 *Ga. App.* 182 (17 S. E. 2d, 605).

In *Chapman* v. *Taliaferro,* 1 *Ga. App.* 235 (58 S. E. 128), Judge Russell, who was afterwards Chief Justice of this court, said: "A judgment obtained by revival of a dormant judgment by scire facias in the name of the plaintiff as transferee instead of in the name of the original plaintiff, suing for the use of the transferee, as required by the Civil Code, § 5384 [Code, § 110-1009], can not be treated as a void judgment unless it appears that the court rendering such judgment did not have jurisdiction." It is not insisted in the case at bar that the court did not have jurisdiction of the parties and the subject-matter; and for the reasons stated by Judge Russell in the *Chapman* case, the contention made in this assignment of error is without merit.

■ It is also insisted that the judgment obtained by the revival of the dormant judgment is void, because it was for a larger amount of interest and attorney's fees than the original judgment. This contention is also without merit. It has often been held by this court and the Court of Appeals that a verdict and judgment for an amount larger than that sued for is not for that reason void, but a mere irregularity. *Buice* v. *Lowman &c. Mining Co.,* 64 *Ga.* 769 (2); *Blain* v. *Hitch,* 70 *Ga.* 275 (3); *Philmon* v. *Marshall,* 116 *Ga.* 811, 812 (43 S. E. 48); *Johnston* v. *Sheppard,* 22 *Ga. App.* 206 (95 S. E. 743). The record shows that the original plaintiff, by the judgment of June 1, 1930, recovered $12.98 as interest and $11.79 as attorney's fees, while the transferee, by the judgment obtained in the revival of the dormant judgment, recovered $112 as interest and $22.70 as attorney's fees. Counsel for the plaintiffs in error explain this apparent

530

discrepancy by stating that the difference in the amounts recovered represents accrued interest on the principal debt and the attorney's fees, which became a part of the principal, from the date of the original judgment to the date of the judgment of revival. A calculation of the interest which the original plaintiff and his transferee would legally be entitled to collect demonstrates that the plaintiff Turner has not been injured by the irregularity here complained of, if in fact it can be said that the revived judgment was for this reason irregular. Direction, however, is given that all interest which may legally accrue on the revived judgment be computed from the date of revival.

From what has been said in the three preceding divisions, it follows that the judgment was not void, and that the petition failed to state a cause of action for any of the relief prayed. Therefore the court erred in overruling the general demurrer.

(a) Since the petition should have been dismissed on general demurrer, it is not necessary to pass on the several grounds of special demurrer.

*Judgment reversed, with direction. All the Justices concur.*