### 39367, 39368.   RESERVE LIFE INSURANCE COMPANY v. AYERS (two cases).

Decided April 3, 1962—Rehearing denied April 24, 1962.

808

*Eugene M. Kerr*, for plaintiff in error.
*Randall Evans, Jr.*, contra.

RUSSELL, Judge. ■ Plaintiff in error first contends that the trial court had no authority in law to enter the order amending the judgment for the reason that the order is dated October 26, 1961, after the remittitur from the appellate court was made the judgment of the trial court on October 24, 1961, and therefore at a time when the trial court had no jurisdiction to alter the judgment because the case had finally terminated. This contention is without merit. That a judgment may be amended to make it conform to the verdict even after the case has been affirmed on appeal to the Supreme Court, see *Moses v. Eagle*

*Phenix Mfg. Co.*, 68 Ga. 241 (b); *Robinson v. Vickers*, 160 Ga. 362 (127 SE 849). The latter case emphasizes that defects in judgments amounting only to irregularities and which appear on the face of the record may be amended after the judgment is finally affirmed. A judgment for a larger amount than that sued for is not for that reason void. It is a mere irregularity. *Walker v. Turner*, 203 Ga. 525 (3) (47 SE2d 504). In *Brown v. Cole*, 196 Ga. 843, 846 (28 SE2d 76) a lapse of five years was held not to deprive the court of jurisdiction to amend the judgment. But it is to be noted that the motion was made here at a time when the court unquestionably had jurisdiction, after the remittitur was returned and before it was made the judgment of the trial court. See *Clements v. Hollingsworth*, 206 Ga. 255 (56 SE2d 505). Having been filed at such time, and the rule nisi issued, the mere fact that the motion was not heard until after judgment was entered up on the remittitur would not in any event deprive the court of jurisdiction. Cf. *Sargeant v. Starr*, 102 Ga. App. 453 (3) (116 SE2d 633). The plaintiff in error has cited no cases which would lead to a contrary conclusion. In *Bird v. Riggs*, 210 Ga. 297 (79 SE2d 803) the motion to amend the decree would in fact have had the effect of nullifying the verdict instead of conforming to it. The motion in *Levine v. Levine*, 204 Ga. 313 (49 SE2d 814) would have had the effect of halting the trial of the case through the introduction of new matter not set out in the pleadings. The motion in *Federal Investment Co. v. Ewing*, 166 Ga. 246 (142 SE 890) sought to submit an additional defense on the merits after the judgment had been entered. No case holds that where the motion merely seeks to correct a judgment to conform with the verdict this may not be done at a subsequent time, and even at a different term of court.

■ The other contention of the plaintiff in error is that, conceding the jury returned a verdict for attorney fees in the sum of $8,706.38, the plaintiff only sued for $8,000 as attorney fees and accordingly no judgment can be entered in excess of that amount on this item. While it is true that the prayer was for only $8,000, the uncontradicted evidence upon the trial of the case was that the attorney's services were in fact worth over

$9,000. This evidence was admitted without objection, and the general rule is that, after verdict, evidence not authorized by the pleadings as they existed at the time but which might, if objected to, have been covered by an amendment timely offered will be considered as having in effect amended the pleadings. "In such a situation the party having the right to object is held to have waived his objections to the pleadings by allowing such evidence to go to the jury without objection." *Harvey v. De Weill*, 102 Ga. App. 394 (2) (116 SE2d 747) and citations. A verdict in excess of the amount sued for is not void but only irregular (*Johnston v. Sheppard*, 22 Ga. App. 206, 95 SE 743; *Walker v. Turner*, 203 Ga. 525, supra; *Philmon v. Marshall*, 116 Ga. 811, 812, 43 SE 48) and may accordingly be raised as a ground of a motion for a new trial. *Ginn v. Carithers*, 14 Ga. App. 298 (4) (80 SE 698). Here, the plaintiff in error did not raise the point in its motion for a new trial and accordingly waived it. Nor can it contend now that the action of the plaintiff's counsel in apparently acquiescing in an erroneous judgment entered up for an amount less than the verdict at the time the plaintiff's motion for a new trial was filed would work an estoppel against the plaintiff, for estoppel must be specially pleaded, or it, too, will be considered waived. *Askew v. Amos*, 147 Ga. 613, (95 SE 5); *Devore v. Baxter*, 155 Ga. 109 (116 SE 610); *National Land &c. Co. v. Zugar*, 171 Ga. 228 (155 SE 7); *Hightower v. Blakely Hard Wood Lmbr. Co.*, 163 Ga. 776 (137 SE 22). It follows that there was no error of law on the part of the trial court in amending the judgment so as to conform to the face of the verdict.

■ In the companion case the plaintiff, after a levy failed to satisfy the amount of the judgment, brought an action for receivership to sell securities of the defendant on deposit with the Insurance Commissioner sufficient to pay the judgment and attorney fees and costs of the ancillary petition. A rule nisi was granted, but before the date set for hearing the defendant did in fact pay the judgment, although it did appear at the hearing and argue demurrers to the petition before apprising the court of this fact. The court held that, since the filing of the petition for receivership was the procuring cause of payment of

the judgment, the plaintiff was entitled to fees and costs for the value of his services as shown by the evidence, and awarded $500 as attorney fees.

In petitions for receivership attorney fees can be awarded only when the receivership is granted. *Code* §§ 55-314, 55-315; *Etna Steel &c. Co. v. Hamilton*, 133 Ga. 85 (65 SE 145); *Mendenhall v. Stovall*, 191 Ga. 452, 456 (12 SE2d 589). We are cited to no other provision of law under which attorney fees could have been granted in this case, and the grant under these circumstances was error.

*Judgment affirmed in Case No. 39367. Judgment reversed in Case No. 39368. Carlisle, P. J., and Eberhardt, J., concur.*