E. W; WESTBROOK *et al.*, administrators, plaintiffs in error,
        *vs.* MATTIE L. MOORE, defendant in error.

1. Penalty in bond being $80.00, the surety is not liable thereon for
   more than that sum, with interest.
2. Can judgment be entered against the surety of a tenant holding over,
   without suit upon the bond—*quaere?*

Principal and security.    Bonds.    Landlord and tenant.
Before Judge CLARK.    Macon Superior Court.    May Term,
1877.

Reported in the opinion.

HAWKINS & HAWKINS, for plaintiffs in error.

B. P. HOLLIS ; THOMAS P. LOYD, for defendant.

BLECKLEY, Judge.

In a claim case, the plaintiff's execution was against two
defendants, one as principal, the other as security, and was
for the sum of $360.00, besides interest.    The levy was upon
land, as the property of the security, and to this land the
claim was interposed.    After the plaintiff had made a *prima
facie* case, the claimant introduced the judgment on which
the plaintiff's execution was founded, with the entire record
of the proceedings in which that judgment was rendered.
These proceedings were by a landlord against his tenant hold-
ing over, and were commenced by affidavit, alleging the non-
payment of rent according to contract, demand for posses-
sion, and refusal to deliver.    Warrant issued to remove the

tenant and admit the landlord. The tenant resisted by counter affidavit, and gave bond in the penal sum of eighty dollars, with security, the bond being conditioned to be void if the tenant should pay to the landlord such sum, with costs, as might be recovered on the trial of the issue. See Code, §§4077, 4078, 4079. The issue was tried, and resulted in a verdict for three hundred and sixty dollars, besides interest, in favor of the landlord. On this verdict, a joint judgment was entered up against the tenant and the security upon his bond, for the whole amount of the verdict. Execution issued accordingly, and this is the execution which has been levied upon land as the property of the security, and against which the present claim was interposed. Upon this evidence, the court charged the jury, on the trial of the claim case, that as the bond was for eighty dollars only, the judgment and execution was invalid, so far as the security was concerned, as to all over that sum and interest thereon. This charge is excepted to.

Possibly, a bond with the prescribed condition would have been valid if no penal sum whatever had been expressed therein, and if valid at all, it would have been good to the extent of the whole recovery against the principal; but here is a bond in which the security has limited his undertaking by a definite expression of the amount. He stands for eighty dollars only. The officer might not have been obliged to accept such a bond, but he did accept it, and it contains the security's contract and the money-measure of his liability. Perhaps without such a limitation as to amount, he would not have signed it. We do not know of any instance in which more than the penalty of a bond can be recovered of a security. The Code, section 3575, properly construed, does not contemplate anything of the kind. It provides for a less, not for a greater, recovery. The law will sometimes disregard express qualifications in legal transactions, on some such principle as setting aside conditions repugnant to the main grant, (see 6 *Ga.*, 92,) but the amount of a bond is too important to be treated in that way, when it comes to en-

forcing the bond against the security.   Securities are favored; *stricti juris,* etc.

2. It is far from certain that without suit upon the bond, any judgment whatever could have been entered against the security.   Code, §4081; *Ib.,* §4079, compared with §4892; acts of 1865–6, Pamph. pp. 34, 35; 42 *Ga.,* 141; 55 *Ib.,* 647; 40 *Ib.,* 26.

Judgment affirmed.