### WILLIS *et al. v.* GALBREATH *et al.*

LUMPKIN, P. J.    An action of tort, based upon an alleged malicious abuse of process by the principals named in an attachment bond, can not properly be joined with an action ex contractu upon that bond against them and the person who signed it as surety.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*

Submitted May 1,—Decided June 12, 1902.

Complaint.    Before    Judge    Roberts.    Montgomery    superior court.    October 29, 1901.

*W. T. Burkhalter* for plaintiffs.    *J. B. Geiger,* for defendants.

---

### SOUTHERN RAILWAY COMPANY *v.* CARTER.

SIMMONS, C. J.    There was no evidence to authorize the verdict for the plaintiff in the justice's court, and it was error to overrule the certiorari.

*Judgment reversed.    All the Justices concurring, except Lewis, J., absent.*

Submitted May 1 — Decided June 12, 1902.

Certiorari.    Before    Judge    Bennett.    Appling    superior    court. August 17, 1901.

*DeLacy & Bishop,* for plaintiff in error.

---

### SOUTHERN RAILWAY COMPANY *v.* MOORE.

LUMPKIN, P. J.    The plaintiff made out a prima facie case ; and while the testimony of the defendant's witnesses, if in all respects true, established a complete defense, yet as there was a conflict between their testimony and that of a witness for the plaintiff as to a material matter, they swearing that the stock-alarm was given and the train slowed up, and this witness swearing positively to the contrary, the verdict against the company was not unwarranted, and there was no abuse of discretion in not sustaining its certiorari.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 12, 1902.

Certiorari.    Before    Judge    Bennett.    Appling    superior    court. August 17, 1901.

*DeLacy & Bishop,* for plaintiff in error.