## MILLER COMPANY *v.* ANDERSON.

1. Where a partnership, alleged to be composed of two named persons, was sued in a justice's court, and only one of them was served, who pleaded that he was not a member of the partnership, and a verdict was found for the defendant, a certiorari bond given by the plaintiff should have been made payable to the individual served.

2. Where in such a case the bond was made payable to the partnership, the writ of certiorari was void, because issued without a proper bond, and the bond was not amendable.

Argued June 29,—Decided August 12, 1903.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. September term, 1902.

*Bishop & Ripley,* for plaintiff.
*Anderson, Anderson & Thomas,* for defendant.

FISH, P. J.    A suit, on account, was brought by John M. Miller Company, in a justice's court, against "Publishers League, a firm composed of A. E. Warrendorff and L. J. Anderson." Anderson only was served.    He pleaded that he had never been a member of the Publishers League, and was not indebted to the plaintiff.    Upon a trial by jury a verdict was rendered for the defendant.    Plaintiff took the case by certiorari to the superior court, where the certiorari was dismissed upon the ground that the bond given by the plaintiff to obtain the certiorari was made payable to the Publishers League, instead of to L. J. Anderson.    The case is here upon a bill of exceptions sued out by the plaintiff, assigning error upon the dismissal of the certiorari.    The statute provides that before any writ of certiorari shall issue, except upon a pauper affidavit, the party applying for the same, his agent or attorney, shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation-money, together with with all future costs.    Civil Code, § 4639.    Damages of not more than twenty per cent. may be awarded by the judge before whom the certiorari is heard, in favor of the defendant against the plaintiff in certiorari and his surety, in case the certiorari be frivolous and applied for without good cause, or for the purpose of delay only.    Ib. § 4654.

1. It is essential that the bond to obtain the writ of certiorari be "conditioned to pay the adverse party to the cause."    Who was

the adverse party, or party adverse to the plaintiff, under the facts of the case in hand? Anderson only had been served, and only in his individual capacity had he pleaded, denying that he was a member of the Publishers League, and denying, therefore, that he was indebted to the plaintiff. Upon the issue made by the plea, Anderson, as an individual, was certainly the plaintiff's adversary, as he, and he alone, was acting against, or opposed to, the plaintiff. Suppose the certiorari had been heard on the merits, and the judge had decided it was a case for awarding damages against the plaintiff in certiorari and its surety, could a judgment for such damages and costs have been entered up against the plaintiff and surety in favor of Anderson? Surely not, because the bond was not made payable to him. The plaintiff sued out the certiorari to set aside the verdict finding in favor of Anderson's plea that he was not a member of the Publishers League; and in order to give him redress, in the event the certiorari should be held to be frivolous and applied for without good cause, or for delay only, it was necessary that the bond should be payable to him. We conclude that the dismissal of the certiorari was not erroneous.

2. Before the judgment of dismissal was taken, the plaintiff moved to amend the bond by making it payable to Anderson. The court correctly ruled that such amendment could not be allowed. The writ of certiorari was void, because issued before the applicant had given the bond required by the statute. *Stover* v. *Doyle,* 114 *Ga.* 85, and cases cited; *Dykes* v. *Twiggs County,* 115 *Ga.* 698; *Alabama Midland Railway Co.* v. *Stevens,* 116 *Ga.* 790.

             *Judgment affirmed. By five Justices.*