## JONES *et al. v.* FAYETTE FERTILIZER COMPANY.

LUMPKIN, J. 1. Where suit was brought upon a promissory note given as collateral for certain notes of other persons, which were entrusted to the maker of the first note for collection, and only partly collected, the defendant was not entitled to have credited upon his collateral note what might be found to be the value of the uncollected principal notes in his hands.

(*a*) In the present case the only evidence touching the value of the uncollected notes in the hands of the defendant tended to show that they were of little or no value; and in his judgment the presiding judge provided that, if the defendant should pay the judgment against him, the uncollected notes should become his property. This was at least as favorable a judgment to the defendant as he could properly claim.

2. While the charge of the court on the subject of positive and negative testimony, and in some other respects, was not entirely accurate, yet, under all of the evidence, the verdict against the defendant was right, and such inaccuracies will not require a new trial.

3. An attachment was levied on certain property, which the defendant desired to replevy. He gave a bond, with a surety, which recited that the principal and surety were firmly bound unto the plaintiff "in the sum of six hundred and fifty ($650) dollars, and subject to the following conditions." It recited the levy of the attachment on certain personal property; that the sheriff had valued the property at $325, while the debt claimed was $750, and then proceeded as follows: "And defendant desires, under section 4567 of the Code of 1895, to replevy said property as required by said section, and desires to become responsible for said property, as provided in the latter portion of said section; now, if the said defendant shall pay to the sheriff the amount of the judgment and cost that he may recover in said case, to the value of the above-stated property, then this obligation to be void; otherwise of full force and effect." *Held,* that by the terms of the bond the surety was only to be liable for the judgment which might be recovered, to the extent of the value of the property. The general recital of the penal sum and the reference to the statute did not extend this liability, which was expressly so limited. Whether or not the sheriff should have accepted such a bond under the section of the Code of 1895 above cited (Civil Code (1910), § 5113), having accepted it and returned it into court, and no objection having been made to it as a sufficient bond, judgment could not be entered thereon against the surety for an amount in excess of the limit which he had expressly placed upon his liability by the terms of his contract. *Westbrook* v. *Moore,* 59 *Ga.* 204.

(a) Direction is given accordingly that the judgment be so modified as to limit the amount of the judgment against the surety to the value of the property.

(b) Whether or not the judgment entered against the surety to the extent of the penal sum named in the bond would have been erroneous, except for the express limitation upon the liability of the surety contained in the bond itself, is not decided.

*Judgment affirmed, with direction. All the Justices concur.*
NOVEMBER 14, 1913.

Complaint. Before Judge Roan. Clayton superior court. November 30, 1912.

*J. F. Golightly* and *W. T. Kimsey,* for plaintiffs in error.
*W. B. Hollingsworth* and *O. J. Coogler,* contra.