### 9275. GREEN, for use, etc., v. TALIAFERRO et al.

LUKE, J. 1. Where in a forthcoming bond, executed and delivered in a claim case, it is provided that the principal and the sureties acknowledge themselves jointly and severally bound unto the levying officer, "in the sum of one hundred dollars, subject to the following conditions: if the said claimant shall deliver the property described in the foregoing affidavit, at the time and place of sale, then this bond to be void," etc., the plaintiff in fi. fa., upon a breach of the bond by the principal, can recover no more than the amount named in the bond, together with interest, even though the proof show that the property is of greater value than the sum named in the bond and of less value than the amount due on the fi. fa. *Westbrook* v. *Moore*, 59 *Ga.* 204; *Jones* v. *Fayette Fertilizer Co.*, 141 *Ga.* 32 (80 S. E. 306).

2. The court did not err in granting a new trial.

Judgment affirmed. Wade, C. J., and Jenkins, J., concur.

DECIDED MARCH 13, 1918.

Action upon bond; from city court of LaGrange—Judge Harwell. September 20, 1917.

*Boyd A. Lovvorn, Hall & Jones,* for plaintiff.

*W. C. Wright, A. H. Thompson,* for defendants.

---

### 9418. BROWN v. POWERS.

WADE, C. J. From the testimony of the plaintiff himself it does not appear that he suffered any actual loss from the alleged injuries to the mule for which recovery was sought; and under the testimony of the only person present at the time of the injury, other than the defendant, and under all the circumstances shown, the burden resting upon the plaintiff, to establish that the damages resulted from the conduct of the defendant, was not carried. The trial judge therefore did not err in awarding a nonsuit.

Judgment affirmed. Jenkins and Luke, JJ., concur.

DECIDED MARCH 13, 1918.

Action for damages; from city court of Sandersville—Judge Jordan. October 30, 1917.

*Evans & Evans,* for plaintiff.

*Rawlings & Wood,* for defendant.