## 9572. MORRIS et al. v. SWAIN.

The demurrer on the ground of misjoinder of parties and of causes of action should have been sustained, the action being against a constable and the surety on his official bond and a third person for damages on account of arrest and confinement of the plaintiff by the constable and the third defendant together, without a warrant or other legal process and without probable cause, in which arrest and confinement it was alleged the constable acted in his official capacity and committed a breach of the bond.

Jurisdiction as to a cause of action arising under the bond could not be obtained by merely joining as defendants the principal and the surety with a third person sued as tort-feasor, in a county in which he resided and in which the other defendants did not reside, for acts in which the surety did not participate.

DECIDED FEBRUARY 12, 1919.

Action for damages; from city court of Hazlehurst—J. Mark Wilcox; judge pro hac vice. February 18, 1918.

One of the grounds of the demurrer of Morris, the surety, was as follows: "This defendant demurs to the petition of plaintiff as having both a misjoinder of parties and causes of action, in that plaintiff in said petition brings suit against one of the defendants, E. H. Ellis, upon an alleged cause of action arising ex delicto, and against Henry C. Ellis and this defendant upon an alleged cause of action arising ex contractu." E. H. Ellis and Henry C. Ellis demurred jointly, on the ground, among others, that the petition "contains a misjoinder of both parties and causes of action."

*Newton Gaskins, W. C. Langford,* for plaintiffs in error.

*S. D. Dell,* contra.

LUKE, J. G. O. Swain sued E. H. Ellis, of Jeff Davis county, and Henry C. Ellis and B. Morris, both of Coffee county, jointly, in the city court of Hazlehurst. The petition alleged that the defend-

ant injured and damaged the plaintiff in the sum of $500, arising out of the following state of facts: On the 7th day of March, 1916, the plaintiff was arrested by Henry C. Ellis, who was a constable of Coffee county, and E. H. Ellis, who was a resident of Jeff Davis county. This arrest was made by them without any warrant and without any legal process or authority to make the arrest. At the time of making the arrest B. Morris was surety on the official bond of Henry C. Ellis, a copy of which was attached to the petition. The said H. C. Ellis stated to the plaintiff, when called upon for his authority to make the arrest, that he was an officer from Coffee county, and that he (the plaintiff) had escaped from the convict camp in Coffee county, and that he (H. C. Ellis) needed no warrant to make the arrest. After the arrest the plaintiff was brought to Hazlehurst and placed in a "dirty little calaboose" used by the City of Hazlehurst in confining negroes, and was not allowed to see any one so that he could identify himself and show to the officers that he was not the man wanted and who had escaped; and later he was taken from the jail and handcuffed to a bed, and in this condition was forced to remain all night long, and next day the officer H. C. Ellis and E. H. Ellis discovered they were wrong and liberated him. H. C. Ellis was acting as an officer and by virtue of his office of constable, and made the arrest as an officer and by reason of his being an officer from Coffee county, and the confinement of the plaintiff was false and done by said H. C. Ellis by reason of being such officer, and was without probable cause, and was therefore a breach of the bond of said H. C. Ellis.

The city court of Hazlehurst was without jurisdiction to entertain and try this suit, which was against H. C. Ellis, as constable, and B. Morris, as his bondsman, both residents of Coffee county, and against E. H. Ellis, who resided in Jeff Davis county, the county of the suit, since a suit on the bond of the defendant H. C. Ellis—an action ex contractu—could not be brought in Jeff Davis county, the residence of neither the principal nor the surety on the bond, by merely joining in the suit E. H. Ellis, a joint tort-feasor with H. C. Ellis in certain acts in which his bondsman did not participate. The court erred in overruling the demurrer which attacked the petition upon the ground that there was a misjoinder of causes of action and of parties.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*