11536.   METROPOLITAN LIFE INSURANCE CO. *v.*
MONROE, administrator.

JENKINS, P. J. 1. Under the provisions of section 5185 of the Civil Code (1910), it is the general rule that before any writ of certiorari shall issue, the party applying for the same shall give bond and security for

all future costs and the eventual condemnation money, payable to the adverse party, and if he fails so to do the superior court does not acquire jurisdiction of the case. *Miller* v. *Adamson*, 118 *Ga.* 432, 433(2) (45 S. E. 365); *Jones* v. *Gill*, 121 *Ga.* 93, 96 (48 S. E. 688); *Carroll* v. *Inner Shoe Tire Co.*, 21 *Ga. App.* 397 (94 S E. 643).

2. A certiorari bond payable on its face to a named individual, followed by the word "administrator," which fails within itself to furnish the means whereby the actual principal for whose benefit the bond is executed can be ascertained with absolute and legal certainty, amounts to nothing more than an undertaking in favor of the named individual, and the word "administrator" is to be taken merely as descriptio personæ. Civil Code (1910), § 3570.

(a) Thus, where the caption to a certiorari bond is entitled "Turner Monroe, administrator, v. Metropolitan Life Ins. Co., in the Municipal Court of the City of Macon, September Term, 1919," and where the bond recites dissatisfaction with the verdict rendered in said case, and a desire to certiorari the same, as a reason for entering into said bond, and where the obligor binds himself for future cost and the eventual condemnation money unto "Turner Monroe, administrator," the obligation must be taken as being executed in favor of Turner Monroe individually, and cannot be construed as payable to "Turner Monroe as administrator upon the estate of Jeannette Green." although the bond may be physically attached to a petition for certiorari (to which no reference is made) reciting a verdict and judgment adverse to petitioner in the case of Turner Monroe as administrator upon the estate of Jeanette Green v. Metropolitan Life Insurance Co., filed to the September term, 1919, of the municipal court of the City of Macon.

3. The fact that the judge of the superior court may have allowed the answer of the trial judge and the writ of certiorari issued by the clerk, both referring to the case as "Turner Monroe, administrator," to be amended nunc pro tunc, so as to read "Turner Monroe as administrator upon the estate of Jeannette Green," would not operate to give the superior court jurisdiction of a case which in the absence of the required bond it could not entertain. *Miller Co.* v. *Anderson*, 118 *Ga.* 432(2) (45 S. E. 365).

4. Irrespective of whether or not, under § 5707 of the Civil Code (1910), a certiorari bond is amendable in any respect (see *Simpkins* v. *Johnson*, 3 *Ga. App.* 437 (60 S. E. 202), and *Carroll* v. *Inner Shoe Tire Co.*, 21 *Ga. App.* 397, 94 S. E. 643, holding it to be not amendable), no offer to amend was made in this case; and while it is sometimes true that an instrument may be void as a statutory bond and yet be good when properly sued on as a common-law obligation (*Paxson* v. *Planters Warehouse & Loan Co.*, 20 *Ga. App.* 267, 92 S. E. 1023), yet the defendant in certiorari is entitled to whatever rights were his pertaining to the statutory requirements of the bond, and the judge of the superior court did not err in dismissing the writ.

*Judgment affirmed. Hill, J., concurs.*

DECIDED FEBRUARY 24, 1921.

Certiorari; from Bibb superior court — Judge Mathews. April 9, 1920.

Application for certiorari was denied by the Supreme Court.

*Jones, Park & Johnston,* for plaintiff in error.

*C. H. Hall,* contra.

STEPHENS, J., dissenting. It is true that the bond is payable to Turner Monroe in his individual capacity. He can nevertheless, by proper proof of all the circumstances, sue in his representative capacity as administrator of the estate of Jeannette Green and recover on the bond. 18 Cyc. 877. This being true, it would seem that, where all of the facts necessary to support a recovery can be ascertained from the record, judgment could be entered up in favor of the opposite party, Turner Monroe, as administrator of the estate of Jeannette Green, just as if the bond had been made to Turner Monroe in his representative capacity, and without inquiring into any matters dehors the record. The bond being entitled in the cause of Turner Monroe, administrator, *v.* Metropolitan Life Insurance Company, in the municipal court of Macon, and it appearing from the answer of the judge of that court to the writ of certiorari on file in the instant case that no case was pending in the municipal court of Macon in which Turner Monroe was plaintiff against the Metropolitan Life Insurance Company except the case of Turner Monroe as administrator of the estate of Jeannette Green, it seems that the facts necessary to establish liability on the bond in favor of Turner Monroe as administrator of the estate of Jeannette Green are supplied by the record, and therefore judgment can be rendered on the bond without inquiry into matters outside the record.