### 13968.   SPIRES *v.* SPIRES *et al.*

JENKINS, P. J.   This was a suit for damages against the principal and her surety upon an injunction bond, wherein damages additional to the amount of the bond were also sought against the principal. The petition in effect alleged: that the principal had previously filed an

equitable petition against the present plaintiff, for specific performance of a contract for the sale of real estate, with a prayer for injunctive relief against the sale or control of the property; that the court had conditioned the granting of the injunction on the giving of the bond in question, which was made payable not only to the present plaintiff but to another person, who had purchased or was about to purchase the property from him, as their several interests might appear; that the bond was conditioned to pay all damages sustained by reason of the granting of the injunction; that the former plaintiff had abandoned her claim for specific performance, by filing an amendment claiming damages for the breach of the contract of sale; and that the jury, by their verdict for one dollar, representing only the consideration paid under the contract of sale by the former plaintiff to the former defendant and which the defendant in that case admitted should be restored, had in effect found against the plaintiff's contentions with reference to the contract and the injunction. The defendants in the instant suit (the plaintiff in the former proceeding and her surety on the bond) demurred both generally and specially to the petition. The present plaintiff excepts to the order sustaining the demurrer generally upon all its grounds. *Held:*

1. It is a general rule that damages caused by an injunction, erroneously granted in the exercise of jurisdiction where the proceedings have been regular, can not be recovered from the party who obtained the writ in the absence of a bond or undertaking, in which case a want of probable cause must be alleged and shown. 14 R. C. L. 479; *Ga. Loan· & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27). In the instant case the allegations of the petition were good as against the general demurrer. The petition was subject, however, to special demurrer (a) in failing to set forth the pleadings or record in the former cause, or their substance; (b) on account of a misjoinder of parties defendant and of causes of action, since it sought to join a claim ex contractu upon the bond against the principal and the surety, and a claim ex delicto for additional damages against the principal (*Willis* v. *Galbreath,* 115 *Ga.* 793, 42 S. E. 81; *Wolff* v. *So. Ry. Co.,* 130 *Ga.* 251, 60 S. E. 569; *Westbrook* v. *Moore,* 59 *Ga.* 204; *Morris* v. *Swain,* 23 *Ga. App.* 430, 98 S. E. 358; *Johnston* v. *Sheppard,* 22 *Ga. App.* 208, 95 S. E. 743; *Green* v. *Taliaferro,* 22 *Ga. App.* 27, 95 S. E. 312); and (c) on account of a non-joinder of parties plaintiff, in that the action should have been brought in the names of both of the obligees named in the bond, instead of that of the plaintiff alone. *Kinney* v. *Avery,* 14 *Ga. App.* 180 (3), 182 (80 S. E. 663). The other obligee was a necessary nominal party at least; and the petition further indicates his beneficial interest in the bond by alleging that he had purchased from the present plaintiff or was negotiating for the purchase of the land in question when full consummation of the sale was prevented by the injunction, by reason of which the plaintiff seeks damages. Thus, if the plaintiff should recover the maximum amount on the bond as prayed, the other obligee would be remediless to proceed thereon.

2. "While the court may provide in its order sustaining a special demurrer that the plaintiff have an opportunity to amend so as to meet

such special grounds, it is not bound to do so, especially where no·request is made for time in which to amend." *Willingham* v.· *Glover*, 28 *Ga. App.* 394 (1), 395, (111 S. E. 206), and cases cited. The plaintiff having neither tendered any amendment to meet the above grounds of special demurrer nor asked any leave to amend, and the judgment dismissing the petition being sustained on such grounds, it is unnecessary to consider other special grounds.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1923.

Action on bond; from Richmond superior court — Judge Henry C. Hammond. September 9, 1922.

*Paul T. Chance*, for plaintiff.

*A. F. Purdy*, for defendants.