## KELLY et al. v. NATIONAL BANK OF DENISON. (No. 3032.)

(Court of Civil Appeals of Texas. Texarkana. March 12, 1925.)

1. **Venue** &copy;=>22(3)—**Exception to statute requiring suit to be brought in county of defendant's residence held inapplicable, where resident defendant is neither necessary nor proper party.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, providing that suit may be brought in county where any defendant resides, does not authorize suit on bond, given to obtain injunction restraining execution sale, in county of residence of execution debtor who was not party to bond; he being neither necessary nor proper party.

2. **Pleading** &copy;=>111—**Pleas of privilege erroneously overruled, where plaintiff did not show cause of action for trespass.**

In suit for trespass, in having injunction served in county of venue restraining execution sale of interest in firm, it was error, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 9, to overrule pleas of privilege,

where plaintiff did not show execution debtor had any interest in firm.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the National Bank of Denison against M. L. Kelly and others. From judgment overruling defendants' pleas of privilege, they appeal. Reversed and remanded.

The suit was commenced in a district court of Dallas county. It was by appellee as plaintiff against appellants as defendants. It appeared from allegations in the pleadings that, having an unsatisfied valid judgment (rendered by another district court of Dallas county) for $10,000 against M. L. Kelly, Sr., appellee had an execution issued thereon placed in the hands of the sheriff of Dallas county, who executed same by serving notice on said M. L. Kelly, Sr., and appellants M. L. Kelly, Jr., and E. T. Kelly; that he had levied the writ on the interest of said M. L. Kelly, Sr., presumably as a partner (article 3743, Vernon's Statutes), in the "property belonging to the firm of M. L. Kelly Cotton Company," and would "proceed to sell said interest in said firm in accordance with the law." Afterward said appellants commenced a suit in the district court of Hall county, and thereby procured the issuance of a writ of injunction, which was duly served, commanding appellee and said sheriff "to desist and refrain from selling the said property or in any way interfering with the assets of the firm of M. L. Kelly Cotton Company until the further orders of said court." The bond to procure the issuance of the writ was executed by appellants F. E. Chamberlain and S. S. Montgomery as sureties for said appellants M. L. Kelly, Jr., and E. T. Kelly. More than two years after the writ of injunction was issued and served as stated, appellants M. L. Kelly, Jr., and E. T. Kelly dismissed their suit. At the time said sheriff levied on the interest of M. L. Kelly, Sr., in said firm of M. L. Kelly Cotton Company, as stated, said firm "had assets above liabilities of more than $100,000," and the market value of the interest of said M. L. Kelly, Sr., therein was $33,000, appellee alleged, but in the time intervening between the date when said levy was made and the date when said writ of injunction was dissolved by the dismissal of said suit commenced in Hall county, the Kellys had become "hopelessly insolvent," appellee further alleged. It alleged further that the procuring of the writ of injunction in the Hall county suit, and the service thereof, was in pursuance of a conspiracy M. L. Kelly, Sr., and the appellants entered into to defeat it (appellee) in its effort to collect its said judgment against M. L. Kelly, Sr., by levying upon and selling the latter's interest in said firm. And it alleged further that, "on account of the issuance of said injunction, it had been deprived of the opportunity to collect its said judgment against M. L. Kelly in the sum of $10,000" and interest thereon, and that "said amount of money had been wholly lost to it," and therefore it further alleged it was "entitled to recover against the principal and sureties on said injunction bond said sum of $10,000, together with interest thereon," etc. Appellee's prayer was for "judgment [quoting] against the defendants and each of them for the damages sustained as herein alleged."

In pleas filed in due order, and complying with the requirements of article 1903, Vernon's Statutes, as amended by the Act April 2, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), appellants M. L. Kelly, Jr., and F. E. Chamberlain alleged that they were residents of Donley county, and denied the existence in appellee of a right to sue them in Dallas county, and appellants E. T. Kelly and S. S. Montgomery alleged that they were residents of Hall county, and asserted a right they claimed to be sued in that county. In pleas controverting appellants' "pleas of privilege," referred to, appellee alleged that it was entitled to maintain its suit against appellants in Dallas county, notwithstanding their domicile was, respectively, in other counties, (1) because M. L. Kelly, Sr., was a resident of said Dallas county, and the statute (article 1830, Vernon's Statutes) provided (subdivision 4) that "where there are two or more defendants residing in different counties * * * suit may be brought in any county where any one of the defendants resides;" and (2) because, it alleged, appellants "fraudulently conspired to injure" it, and said fraud was committed in Dallas county, and said statute provided (subdivision 7) that in cases of fraud suit might be "instituted in the county in which the fraud was committed," and further provided (subdivision 9) that, "where the foundation of the suit" was "some crime, or offense, or trespass, for which a civil action in damages may lie," the suit might "be brought in the county where such crime, or offense or trespass was committed."

The appeal is from a judgment overruling appellants' pleas of privilege.

Cole & Simpson, of Clarendon, and W. Ona Morton, of Los Angeles, Cal., for appellants.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] If the suit was on the injunction bond, and we think it was, the pleas of privilege should not have been overruled because M. L. Kelly, Sr., resided in Dallas county, for he was not a party to the bond, therefore was not liable thereon (32 C. J. 437), and hence was neither a proper nor a necessary party to the suit. The exception

(fourth) in the statute authorizing a plaintiff, where the defendants reside in different counties, to sue them in a county where one of them resides, does not apply if the defendant residing in the county where the suit is brought is neither a necessary nor a proper party to the suit. Goggan v. Morrison (Tex. Civ. App.) 163 S. W. 119; Ry. Co. v. Lumber Co. (Tex. Civ. App.) 54 S. W. 324; Ry. Co. v. Mangum, 68 Tex. 342, 4 S. W. 617. The exception referred to, said Judge Stayton in the case last cited—

"does not mean that an inhabitant of this state may be sued in a county other than that of his residence whenever a plaintiff, without sufficient ground, may join with him as a defendant some person who may be a resident of the county in which the action is brought. It means simply that, if one who is a proper or necessary party defendant resides in the county in which the action is brought, then other defendants may be joined with him who reside in other counties."

[2] If an action on the injunction bond was not appellee's sole remedy (Hayden v. Keith, 32 Minn. 277, 20 N. W. 195; Gorton v. Brown, 27 Ill. 489, 81 Am. Dec. 245; Jacobs v. Greening, 109 Kan. 674, 202 P. 72; Spires v. Spires, 30 Ga. App. 228, 117 S. E. 255; Railway Co. v. Ry. Co., 47 W. Va. 725, 35 S. E. 978; Neal v. Barbee [Tex. Civ. App.] 185 S. W. 1059, 14 R. C. L. 479), and if the suit should be treated as one for damages for a "trespass" in Dallas county (in having the writ of injunction served there), within the meaning of the ninth exception in the statute, it was error, nevertheless to overrule the pleas; for, assuming there was testimony showing that M. L. Kelly, Sr., though not a party to the injunction suit, conspired with and advised and encouraged the plaintiffs therein to commence and prosecute it and to have the writ obtained therein served in Dallas county, yet there was no testimony showing or tending to show that said M. L. Kelly, Sr., was in fact a member of the "M. L. Kelly Cotton Company" firm, or that he in any way owned an interest in its assets. If he owned no interest in that firm, then the levy made by the sheriff at appellee's instance was a nullity, and appellee could not have suffered loss and did not have a right to complain because of the delay resulting from the refusal of the sheriff to sell under the levy he had made. No right of appellee of which the law will take notice was invaded when it and the sheriff were restrained from selling an interest that did not exist, so far as the testimony showed to the contrary, in the assets of the cotton company firm. 12 C. J. 581. This court has held that a plaintiff who controverts a plea of privilege conforming to the requirements of the statute must not only allege, but also must prove, facts entitling him to have the plea overruled. Caughan v. Urquhart (Tex. Civ. App.) 265 S. W. 1097, and see authorities there cited, and Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25.

As we view the record, there is error in the judgment. Therefore it will be reversed, and the cause will be remanded to the court below, with instructions to transfer same to Hall county for trial, as prayed for by appellants and as provided in article 1833, Vernon's Statutes.