## 20432.   GULLATT v. BLANKENSHIP.

DECIDED OCTOBER 7, 1930.

*H. T. Golightly,* for plaintiff.   *W. B. Jones,* for defendant.

BLOODWORTH, J.   J. M. Blankenship filed a petition in the superior court of Campbell county and obtained a writ of certiorari in the case of J. O. Gullatt v. J. M. Blankenship, pending in the

justice's court of the 499th district of that county, by giving a bond with security, which bond is as follows: "Know all men by these presents that J. M. Blankenship, as principal, and the undersigned as security are bound to pay J. O. Gullatt the sum of twenty dollars ($20.00). Witness the hand and seal of each party, this Nov. —, 1929., The condition of this obligation is such that whereas said principal is suing out a writ of certiorari in the superior court of said State and county, in re J. O. Gullatt *vs.* J. M. Blankenship from the justice court 499th district G.M., said county, now, therefore, should the principal promptly pay the eventual condemnation money, together with all future cost in said matter as may be required by law, then this bond to be void; otherwise of full force and effect." A motion was made to dismiss the certiorari on the following grounds: "1. That there is no valid bond filed with the writ of certiorari by plaintiff in this case; consequently the writ is void. 2. That the bond given by plaintiff in certiorari shows on its face that it is void, because it does not comply with the law made and provided in such cases, as it only binds the principal and security for the sum of twenty dollars, whereas it should bind them for the eventual condemnation money and all future costs in the case. 3. That the sum of only twenty dollars only covers the amount sued for by the defendant in certiorari against plaintiff in certiorari, and does not cover interest on the judgment obtained by defendant in certiorari, nor does it cover all future costs as it should, and does not comply with section 5185 Civil Code (1910) in regard to such bond as provided therein."

Section 5185 of the Code of 1910 is in part as follows: "Before any writ of certiorari shall issue, except as hereinafter provided, the party applying for the same, his agent, or attorney shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation money, together with all future costs." See *Metropolitan Life Ins. Co.* v. *Monroe, 26 Ga. App.* 332 (1) (106 S. E. 209). The bond given in this case would be all right but for the fact that the penalty named therein is only $20. Is the surety on the bond in this case liable to pay the adverse party "the eventual condemnation money together with all future costs?" The Supreme Court answers this question in *Westbrook* v. *Moore, 59 Ga.* 204, the first headnote of which is as follows: "Penalty in bond being $80, the surety is not liable thereon for

more than that sum, with interest." In the body of the decision (p. 205) it is said: "Possibly, a bond with the prescribed condition would have been valid if no penal sum whatever had been expressed therein, and if valid at all, it would have been good to the extent of the whole recovery against the principal; but here is a bond in which the security has limited his undertaking by a definite expression of the amount. He stands for eighty dollars only. The officer might not have been obliged to accept such a bond, but he did accept it, and it contains the security's contract and the money measure of his liability. Perhaps without such a limitation as to amount he would not have signed it. We do not know of any instance in which more than the penalty of a bond can be recovered of a security. The code, section 3575 [§ 5940 of the Civil Code of 1910], properly construed, does not contemplate anything of the kind. It provides for a less, not for a greater, recovery. The law will sometimes disregard express qualifications in legal transactions, on some such principle as setting aside conditions repugnant to the main grant (see 6 *Ga.* 92), but the amount of a bond is too important to be treated in that way when it comes to enforcing the bond against the security. Securities are favored; stricti juris," etc. We must not lose sight of the rule that "The contract of suretyship is one of strict law, and his liability will not be extended by implication or interpretation." Civil Code (1910), § 3540. As far as the surety is concerned, the only recovery that could be had on this bond is the amount named in the penalty, to wit, $20. This being true, the bond is insufficient and the certiorari should have been dismissed. *Jones* v. *Fayette Fertilizer Co.*, 141 *Ga.* 32 (3) (80 S. E. 306) ; *Johnston* v. *Sheppard*, 22 *Ga. App.* 206 (95 S. E. 743).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*