### 22433.  CANTRELL v. NATIONAL SURETY COMPANY et al.

SUTTON, J.  1. Where a public officer damages another by his acts colore officii or by his official misconduct, the surety on his official bond is not liable for any greater sum than the penal amount of the bond. *West-brook* v. *Moore*, 59 *Ga.* 204; *Green* v. *Taliaferro*, 22 *Ga. App.* 27 (95 S. E. 312); *State* v. *Ford*, 5 Blackf. (Ind.) 392.  An action on the bond against the officer and the surety is an action ex contractu.

2. The public officer would himself be liable in tort for any official misconduct or acts colore officii whereby the plaintiff was damaged, and in a recovery the plaintiff would not be restricted to the amount of the officer's official bond. *Phillips* v. *Taber*, 83 *Ga.* 565 (10 S. E. 270).

3. An action of tort for damages flowing from the alleged official misconduct or acts colore officii of a public officer can not properly be joined with an action ex contractu upon the official bond of the officer, against him and the surety on his bond. *Willis* v. *Galbreath*, 115 *Ga.* 793 (42 S. E. 81).

4. So where a petition seeks to join a claim ex contractu upon the bond of a public officer against him and the surety on the bond and a claim ex delicto against such officer for additional damages, there is a misjoinder of parties defendant and of causes of action, and the petition is subject to special demurrer. *Spires* v. *Spires*, 30 *Ga. App.* 228 (117 S. E. 255).

5. The petition in the instant case was against a sheriff and a warden and the sureties on their respective official bonds, for damages for certain official misconduct on their part from which damage to the plaintiff ensued.  The petition set up that the defendants had damaged the plaintiff in the sum of $25,000, that the sheriff's bond was in the penal sum of $10,000, and that the warden's bond was in the penal sum of $500, and asked judgment against the defendants "in the amount for which each is liable."  To this petition the defendants demurred generally and upon the ground of misjoinder of parties defendant and of causes of action.  The court sustained the demurrer, with leave to amend. The plaintiff amended, but failed to meet the above ground of special demurrer.  The court then sustained the demurrer and dismissed the petition.  There being a misjoinder of parties defendant and of causes of action in the petition, it follows that, the plaintiff having failed to amend her petition to meet this ground of special demurrer, the court properly dismissed the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 23, 1932.

*Ben C. Williford, George & John L. Westmoreland, S. W. Fariss,* for plaintiff.

*Branch & Howard, Wright & Covington, for* defendants.