21167. GODWIN *et al.* v. GILLEY *et al.*

CANDLER, Justice. H. D. Gilley and A. F. Williams filed a petition for equitable relief in the Superior Court of Carroll County against S. E. Godwin and Hugh Lee Lambert, sheriff of that county. They made substantially these allegations: On December 21, 1957, the defendant Godwin sued out an attachment in Carroll County against E. L. Whitley, Charles Cauley, and Georgia-Alabama Timber Company, to recover $2,000, which he claimed they were due him, and this proceeding was made returnable to the superior court of that county. On December 23, 1957, the attachment writ was levied on specified articles of personal property by a Deputy Sheriff of Carroll County. The property so levied on was owned exclusively by J. W. Marr and Raymond Newman, d/b/a Georgia-Alabama Timber Company, and at the request of J. W. Marr they signed as sureties a replevy bond for the property so levied on after Marr had for Georgia-Alabama Timber Company signed such bond as the only principal thereof. After they signed such bond, only as sureties for Georgia-Alabama Timber Company, someone, without their knowledge or consent, altered it by inserting therein the names of E. L. Whitley and Charles Cauley as other principals, and also forged their signatures as two of the principal makers thereof. To the attachment proceeding defensive pleadings were filed for the defendants Whitley, Cauley, and Georgia-Alabama Timber Company; but the defendant Cauley had no notice or knowledge of the proceeding and did not authorize anyone to appear and file pleadings for him in such proceeding, nor has he since ratified such unauthorized act. On the trial and after the plaintiff Godwin had introduced his evidence, the court granted a nonsuit as to the defendants Whitley and Georgia-Alabama Timber Company, and allowed the trial to proceed only as to the defendant Cauley. The jury returned a verdict in favor of the plaintiff Godwin and against the defendant Cauley for $2,000. On such verdict a judgment was entered for $2,000 against Cauley, as principal, and against Gilley and Williams as sureties on the replevy bond, which they had signed only for Georgia-Alabama Timber Company, their principal. Pursuant to such judgment the Clerk of the Superior Court of Carroll County

issued an execution against Cauley, as principal, and against the petitioners as sureties for the full amount of the verdict against Cauley. The execution was then entered on the general execution docket of Carroll County, and was afterwards delivered to the sheriff of that county for enforcement by levy and sale. The defendant sheriff is threatening to levy such execution on their property unless the amount is promptly paid. There are prayers for a decree vacating and setting aside the judgment as rendered against the petitioners, canceling as to them the execution which the clerk issued on such judgment, together with the record thereof as a cloud on the title to property owned by them, and enjoining the sheriff from levying such execution on their property. The court overruled separate but like general demurrers, which the defendants interposed to the petition, and they excepted and sued out a writ of error to this court. *Held:*

Treating the allegations of the petition as true, which we are required to do in dealing with the demurrers, we hold that the trial judge did not err, as contended, in overruling such demurrers. The allegations of the petition show that these plaintiffs, as sureties, signed a replevy bond only for Georgia-Alabama Timber Company, one of the defendants in the attachment proceeding. This being true, they expressly limited their liability on such bond only to the payment of any judgment rendered in the attachment proceeding against Georgia-Alabama Timber Company, their principal; and since as to their principal a nonsuit was granted it is elementary that no valid judgment could be rendered against them as sureties for any amount recovered in the attachment proceeding against the defendant Cauley, for whom they are not sureties. See *Webb v. Pope,* 118 Ga. 627 (45 S. E. 478); *Jones v. Fayette Fertilizer Co.,* 141 Ga. 32 (3) (80 S. E. 306); and *Westbrook v. Moore,* 59 Ga. 204 (2). The plaintiffs' remedy against the allegedly void judgment in the intant case was not necessarily by affidavit of illegality, but a petition in equity was maintainable to have such judgment set aside, the execution based on it, and the record thereof canceled, and to enjoin the sheriff from enforcing such execution by levy on and sale of their property. As controlling authority for this ruling, see the unanimous holding of this court in *Napier v.*

*Bank of LaFayette,* 183 Ga. 865, 869 (189 S. E. 822), and the cases there cited.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1961—DECIDED MARCH 9, 1961.

*Howe & Murphy, Gilbert & Head,* for plaintiffs in error.
*O. W. Roberts, Jr.,* contra.