### 40227. MEEKS v. DOUGLAS et al.

PANNELL, Judge. ■ "All sheriffs, deputy sheriffs, coroners, jailers, constables, and other officers of court shall be liable to all actions, suits, and disabilities whatever, which they, or either of them, shall incur in respect of any matter or thing whatever relating to or concerning their respective offices." *Code* § 24-201. Sheriffs are required to give bond "conditioned for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailers, and upon the terms required by law." *Code* § 24-2805. And, while nothing but a breach of official duty is a breach of a sheriff's bond (*Collier v. Stoddard,* 19 Ga. 274), a wrongful act done in the prosecution of some official duty is a breach of duty and a breach of the bond (*Robertson v. Smith,* 16 Ga. App. 760 (1), 85 SE 988), and such wrongful act may be done either virtute officii or colore officii. *Robertson v. Smith,* 16 Ga. App. 767, 769 (85 SE 991); *Hawkins v. National Surety Corp.,* 63 Ga. App. 367, 371-372 (11 SE2d 250); *Smith v. Glens Falls Indem. Co.,* 71 Ga. App. 697 (2) (32 SE2d 105); *Luther v. Banks,* 111 Ga. 374 (36 SE 826).

2. While as against a special demurrer a specification of particulars as to acts relied on as constituting a cause of action may not be avoided by an allegation that the acts were more peculiarly within the knowledge of the defendant than of the plaintiff, yet, such general averments are ordinarily sufficient as against a general demurrer. *Hudgins v. Coca Cola Bottling Co.,* 122 Ga. 695 (1) (50 SE 974); *Melba Cafeteria, Inc. v. McClelland,* 73 Ga. App. 236, 238 (36 SE2d 118); *Morgan v. Limbaugh,* 75 Ga. App. 663 (44 SE2d 394). Where it appears from the allegations of the petition that the plaintiff is entitled to recover and the amount of plaintiff's damage is alleged, the petition is good against general demurrer, *Atlantic C. L. R. Co. v. Tifton Produce Co.,* 50 Ga. App. 614 (3) (179 SE 125), and

even though the petition may claim damages generally in a named amount, and may state a cause of action for general damages, nominal damages and punitive damages, this does not make it dismissable as claiming no recoverable damages. *Hall v. Browning,* 195 Ga. 423 (24 SE2d 392).

3. It follows, therefore, that a petition alleging that the defendant, a sheriff of one county and other persons jointly, and by their joint and several acts, well known to them but not known to plaintiff, and by common design and at the special instance and request of the defendant sheriff, took out a search warrant in another county involving personal property in the plaintiff's home in such other county to preserve it as evidence in an alleged arson case in the county of the sheriff, without probable cause and in bad faith, under color of office, which resulted in damage to the plaintiff's personal property, reputation and right of privacy, and the incurring of legal expenses in the present suit, and alleging damages generally in a stated sum, was sufficient to set forth a cause of action against the sheriff and the three sureties on three separate bonds, although none of the individual bonds was sufficient to cover the amount of damages sought. See *Hartford Acc. &c. Co. v. Young,* 40 Ga. App. 843 (1) (151 SE 680); *Glens Falls Indem. Co. v. Dempsey,* 68 Ga. App. 607 (1, 2) (23 SE2d 493); *Cantrell v. National Surety Co.,* 46 Ga. App. 202 (1, 2) (167 SE 314); *Walker v. Whittle,* 83 Ga. App. 445 (1, 2) (64 SE2d 87); *Code* § 27-301.

4. While the allegations of the petition necessary to state a cause of action may be subject to special demurrer, the only question before this court is whether or not the trial judge erred in sustaining the general demurrer to the plaintiff's petition. The petition setting forth a cause of action, it follows that the trial judge erred in sustaining the general demurrer of each of the defendants.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

DECIDED OCTOBER 4, 1963.

*Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error. *Barrie L. Jones, Leon A. Wilson, II, Marshall Ewing,* contra.