41393. MEEKS v. DOUGLAS et al.

SUBMITTED JULY 6, 1965—DECIDED NOVEMBER 24, 1965.

*T. J. Townsend, Sumner & Boatright, J. Laddie Boatright,* for plaintiff in error.

*Barrie L. Jones, Leon A. Wilson, II, Marshall Ewing,* contra.

FRANKUM, Judge. This is the second appearance of this case in this court. See *Meeks v. Douglas*, 108 Ga. App. 424 (133 SE2d 768), wherein it was held that the trial judge erroneously sustained the defendants' general demurrers to the petition. At the time the defendants filed their general demurrers they also filed numerous grounds of special demurrer which were not passed on by the trial court in the first instance. When the case was returned to the trial court the defendants invoked the ruling of the court on their grounds of special demurrer, and the court, upon consideration of those demurrers, rendered an order sustaining most of the grounds of special demurrer filed. The plaintiff amended her petition in response to that order by striking all of the numbered paragraphs and inserting in lieu

thereof a new petition with appropriately numbered paragraphs. Thereafter, the defendants filed written motions in which they contended, in effect, that the plaintiff had failed to meet the requirements of the order sustaining the special demurrers, that the petition as amended was still subject to the criticisms leveled at the original petition and that it should therefore be dismissed. The trial court sustained those motions, and that judgment is here for review on a bill of exceptions filed by the plaintiff.

Special defects or omissions in a petition may always be taken advantage of by demurrer, and unless cured by amendment the petition should be dismissed. *Code* § 81-304. *Flint River &c. R. Co. v. Sanders*, 18 Ga. App. 766 (1) (90 SE 655). So where special demurrers calling for material and relevant information are timely filed to a petition and are sustained, it is incumbent upon the plaintiff to amend the petition within the time allowed in the order sustaining the demurrers, and where the plaintiff fails to amend, or, in amending, fails to cure the defects pointed out by the special demurrers and no further amendment is offered, it is proper for the court to dismiss the petition. *Driskal v. Mutual Ben. Life Ins. Co.*, 144 Ga. 534 (87 SE 668); *Thomas v. Georgia R. &c. Co.*, 23 Ga. App. 428 (1) (98 SE 360).

In the original petition the plaintiff alleged that the defendants, without lawful warrant or authority, seized certain listed items of personal property, and that after holding them for several weeks returned some of them to plaintiff in a damaged condition. The defendants demurred specially to those allegations on the ground that plaintiff had failed to allege specifically which items of personal property were seized by the defendants and not returned, and further demurred to the allegations of the petition respecting the damaged condition of the returned items on the ground that the plaintiff failed to specify how and in what way the returned items were damaged. The trial court sustained those demurrers. In the recast petition plaintiff set out as an exhibit the items of personalty alleged to have been seized by the defendants, and in paragraph 12 thereof she alleged that the items were taken on November 21, 1960, and, by the defendant Douglas and others, carried to the Bacon

County jailhouse building in Alma, Ga., where they were stored or kept until on or about the 27th day of January, 1961, "when most of said items of personalty were returned to your petitioner." In paragraph 13 of the amended petition she alleged: "Petitioner shows further that said items of personalty were stored in the aforesaid building in such a manner as to become wet, moist, [and] damp, whereby all of said items became mildewed, rotted and discolored thereby decreasing and/or destroying the value thereof, in the sum and amount of $500." The items of personalty alleged to have been seized by the defendants consisted of a wide variety of things including furniture, toys, Christmas tree decorations, stainless steel kitchen utensils, dinnerware, clothes, shoes, radios, books, sporting equipment, table and bath linens, and many other items unnecessary to enumerate which were listed in detail in the exhibit.

The defendants were entitled to the information sought by their demurrers with respect to the particular items plaintiff claimed had not been returned and to information as to the nature and extent of the damage to particular items which were returned. In her amendment plaintiff wholly failed to include any allegations showing which items of personalty were seized by the defendants and not returned. And, it is obvious from a reading of paragraph 13 of the amendment, which is quoted above, that the description of the damage to the items which were returned is so vague, indefinite and incapable of application to the many varieties of items involved as to wholly fail to inform the defendants as to how and in what way particular items were damaged and as to the extent of such damage. The amendment, therefore, with respect to those allegations, did not meet the terms of the court's order sustaining the demurrers and was subject to the same criticism directed against the original allegations.

The defendants filed timely special demurrers contending that there was a misjoinder of parties defendant and of causes of action. The trial court properly sustained those. demurrers. The plaintiff sought to join in one action, seeking a recovery of $15,000, the sheriff and two bonding companies. The bonds involved were two bonds executed by Hartford Accident & In-

demnity Company as surety thereon, one covering the appointed term of the sheriff from November 11, 1960, through December 31, 1960, and the other covering the elected term of the sheriff from January 1, 1961, through December 31, 1964. The other was a bond on which Fireman's Fund Insurance Company was the surety, dated November 12, 1960, covering the period for which the sheriff had been appointed. Each of the bonds was in the amount of $5,000. The plaintiff sought to recover a joint judgment against the sheriff and each of the bondsmen in the amount of $15,000. It is fundamental that the undertaking of a surety on a public official's bond is contractual, and the liability of a surety is limited to the amount stated in the bond. However, a joint judgment against the defendants would subject any one of the defendants to liability to satisfy the full amount of the judgment, notwithstanding that it might be in excess of the surety's contractual undertaking. Furthermore, the plaintiff charges the defendants with taking the property involved on the 21st day of November, 1960, at which time one of Hartford's bonds and the bond of Fireman's Fund was in force and effect, and retaining the property until the 27th day of January, 1961, after the other bond executed by Hartford had gone into effect and at a time when the two original bonds no longer covered the acts of the sheriff. Assuming that the case made by the plaintiff's petition is one of a continuing breach of the defendant Douglas' undertaking under the bonds, and assuming, but not deciding, that as such it would render Hartford liable on the second bond executed by it, the petition contains no allegations informing the defendants as to what damage the plaintiff claims was caused by the acts of the defendant Douglas prior to the termination of the first two bonds and what damage was caused by his acts subsequent thereto during the term of the other bond. Under the facts alleged, therefore, while the petition was sufficient with respect to all of the defendants individually as against mere general demurrers, as held by this court on the former appearance of this case, the plaintiff has not shown a joint liability against all of the defendants, and the special demurrers for misjoinder of causes of action and of parties defendant were properly sustained. See *Cantrell v. National Surety Co.*, 46 Ga. App. 202 (167 SE 314).

For these reasons the judge of the superior court properly dismissed the petition after the plaintiff had been afforded an opportunity to amend and had failed to meet the terms of the order sustaining the special demurrers.

*Judgment affirmed. Bell, P. J., concurs. Hall, J., concurs in the judgment.*