42349, 42350.   DAVIS v. PHILLIPS et al. (two cases).

Argued October 3, 1966—Decided October 21, 1966.

*Philip T. Keen, Wilson Brooks,* for appellants.

*N. Forrest Montet,* for appellees.

DEEN, Judge. Leaving out all allegations to which special demurrers were sustained, the petition of Mary Davis, both before and after amendment, alleged the following facts: that she was a passenger in an automobile which was in a stopped position 4 feet west of Campbellton Road headed west into a private driveway waiting for the defendants to emerge from the same driveway into Campbellton Road; that the defendant driver drove into and about three fourths of the way across Campbellton Road, and then placed the vehicle in reverse gear and backed it back into the driveway and in so doing struck the automobile in which the plaintiff was sitting. The defendant driver, agent of the defendant owner, was negligent in failing to maintain a proper lookout, in failing to stop his vehicle before it crashed into the vehicle in which plaintiff was riding, in failing to anticipate the presence of plaintiff's automobile at said place and take necessary precautions to avoid a collision. The plaintiff suffered a severe back injury resulting in permanent disability, and sued for her physical injuries and pain and suffering, both physical and mental, past, present and prospective.

(a) "When a petition alleges facts showing the existence of a duty owed to the plaintiff by the defendant, a violation of that duty by the defendant and injury and damage resulting to the plaintiff therefrom, it is sufficient to withstand a general demurrer. *Vickers v. Georgia Power Co.*, 79 Ga. App. 456 (54 SE2d 152); *Harvey v. Zell*, 87 Ga. App. 280, 284 (1b) [73 SE2d 605]." *Wilks v. Lingle*, 112 Ga. App. 176 (2) (144 SE2d 552). The petition, as originally drafted and as subsequently redrafted, and deleting all matter attacked by special demurrer, still meets these minimum requirements. It was not, either before or after amendment, subject to general demurrer on the ground that no cause of action was set out. As a matter of fact, no such general demurrer was ever filed, but an adjudication of the sufficiency of the pleadings to set out a cause of action is necessarily a prerequisite to the precise question here raised.

(b) The sustaining of special demurrers to a pleading has the effect of deleting the objectionable matter, and may or may not result in leaving the petition open to general demurrer or motion to dismiss, depending upon whether or not the matter expunged is necessary to set out a cause of action. This latter situation obtained in the cited cases of *Meeks v. Douglas*, 112 Ga. App. 742 (146 SE2d 127); *Driskal v. Mutual Ben. Life Ins. Co.*, 144 Ga. 534 (87 SE 668). Again, a petition may be attacked by special demurrer for misjoinder or duplicity and, if the defect is not cured, may become subject to dismissal. *Ford v. American Discount Co.*, 112 Ga. App. 559 (145 SE2d 667); *Thomas v. Georgia R. &c. Co.*, 23 Ga. App. 428 (3) (98 SE 360). Also, a petition may originally be attacked by both general and special demurrer, and the court, sustaining both general and special demurrers with leave to amend, will be justified in dismissing the petition if it is not subsequently amended so as to supply that part of the cause of action which was originally lacking. *McGarity v. Brewer*, 84 Ga. App. 341 (2) (66 SE2d 157); *Northside Manor, Inc. v. Vann*, 219 Ga. 298 (133 SE2d 32).

In a different category are those special demurrers the sustaining of which merely serves to expunge from the petition matter which is irrelevant, conclusory, or too vague and indefi-

nite to be actionable, but which do not strike down the entire cause of action by deleting something necessary to its prosecution. *Alford v. Davis*, 21 Ga. App. 820 (5) (95 SE 313); *McBurney v. Woodward*, 84 Ga. App. 807, 813 (67 SE2d 398); *McSwain v. Edge*, 6 Ga. App. 9, 11 (64 SE 116); *Watts v. Rich*, 49 Ga. App. 334, 336 (175 SE 417). The sole ground of the motion to dismiss here was that the plaintiff's amendment had not met the criticism of the special demurrers, and this objection, although well taken, is not ground for dismissal of the entire petition.

This ruling applies to both case No. 42349 and No. 42350. *Judgments reversed. Nichols, P. J., and Hall, J., concur.*